Vol. 115]     APRIL TERM, 1903.     359

City of Louisville v. Bitzer.   Bitzer v. Fulton.

CASE 43—ACTION BY J. R. GLEASON AGAINST NANNIE M. WILSON AND
OTHERS TO ENFORCE A LIEN FOR A STREET IMPROVEMENT IN WHICH
THE CITY OF LOUISVILLE AND JOHN A. FULTON AS ASSIGNEE OF
GLEASON ARE MADE PARTIES.—APRIL 24.

# City of Louisville v. Bitzer.
# Bitzer v. Fulton.

APPEAL FROM JEFFERSON CIRCUIT COURT.

FROM A JUDGMENT DISMISSING THE PETITION AGAINST THE PROP-
ERTY OWNERS, AND ENTERING JUDGMENT IN FAVOR OF PETITIONER
AGAINST THE CITY OF LOUISVILLE, JOHN A. FULTON (ASSIGNEE
OF GLEASON) AND THE CITY OF LOUISVILLE APPEAL.  AFFIRMED.

MUNICIPAL CORPORATIONS—IMPROVEMENTS— ASSESSMENTS—BENEFITS
—SPOLIATION—EXCESSIVE ASSESSMENT.

Held:   1. The method of making assessments for street improve-
ments by the foot is not invalid.

2. While assessments for municipal improvements rests on the
basis of benefits, it is not essential to their validity that act-
ual enhancement in value or other benefit to the owner should
be shown; the judgment of the city council being conclusive as
to the propriety of the improvement.

3. Where the total value of property assessed, after the improve-
ment is made, is less or no more than the cost of the improve-
ment, an enforcement of the lien can not be had, as it would
amount to a taking of the property without compensation.

4. It appearing that the total value of the property assessed for a
municipal improvement after the improvement was made was
less or no more than the cost of the improvement, and there
being, in addition, proof that the property had not been ben-
efited at all, the court could not enforce the warrant against
the property, even in part.

5. Kentucky Statutes, 1899, section 2834, provides that, if a munic-
ipal improvement be made as is provided for by statute, the
city shall not be liable for such improvement, without the right
to enforce it against the property receiving the benefit thereof.
HELD, that the statute does not apply to cases in which the
city has no power to make the improvement at the cost of the
owners, and where the city has authority to contract for the
improvement, but no authority to make such charge, the city
is liable to the contractor.

City of Louisville v. Bitzer.  Bitzer v. Fulton.

6. A contract between a city and a contractor for the making of an improvement provided that the contractor should look alone to the owners of the property, and should in no event be entitled to recover from the city. HELD that notwithstanding the contract, the work being such that the city had no power to assess the improvement against adjacent property, the city was liable to the contractor.

HENRY L. STONE, CITY ATTORNEY, FOR APPELLANT, CITY OF LOUISVILLE.

### STATEMENT.

This action was brought by appellee and one J. R. Gleason against certain lot owners and the city of Louisville to enforce liens for apportionment warrants for the improvement of the carriage way of Daisy Lane, from the center line of Glen Mary avenue extended to a line 150 feet southeast of and parallel with Glen Mary avenue extended, issued by the Board of Public Works, February 23, 1899, upon the property of the defendant lot owners, respectively, and in the event such liens were not enforced for any reason to recover a personal judgment for the amount thereof, with interest, against the appellant, city of Louisville. The public improvement mentioned was authorized by an ordinance, which became effective September 11, 1897, (Record, 14), and was made by said Gleason under a contract with the city of Louisville, dated October 14, 1897, in which appellee Bitzer was the surety of said Gleason. In this contract is the following clause, to-wit:

"It is further agreed by the contractor, that for the contract price or cost of all work mentioned above or required to be done by him under any of the provisions of this contract, he will look alone to the lot owners or the property described in the ordinance aforesaid, and, that in no event shall he be entitled to recover any part from the city of Louisville."

Under the express covenants of the written contract sued on the appellee, Bitzer, was not entitled to recover any sum in this action from the appellant, City of Louisville.

The contractor was entitled to an enforcement of his liens upon the property described in the petition for at least a part of the amount of the apportionment warrants sued on.

### AUTHORITIES CITED.

### STATEMENT.

Norwood v. Baker, 172 U. S., 269; French v. Barber Asphalt Company, 181 U. S., 324.

1. Craycraft v. Selvage, 10 Bush, 697; Trustees of Bellevue

v. Hohn, 82 Ky., 1; Town of Bellevue v. Peacock, 89 Ky., 495; Murphy v. City of Louisville, 9 Bush, 189; Dillon on Mun. Corp., sec. 480; City of New Albany v. Sweeney, 13 Ind., 245; Creighton v. City of Toledo, 18 Ohio St., 447; Quill v. City of Indianapolis, 124 Ind., 292; Johnson v. City Indianapolis, 16 Ind., 227; Whalen v. City of La Crosse, 16 Wis., 271; Fletcher v. Oshkosh, 18 Wis., 228; Heller v. City of Milwaukee, 96 Wis., 134; Hall v. Chippewa Falls, 47 Wis., 267; Moylan v. City of New Orleans, 32 La. Ann., 673; Lovell v. City of St. Paul, 10 Minn., 290; Hunt v. City of Utica, 18 N. Y. (4 E. P. Smith), 442; Swift v. City of Williamsburg, 24 Barb. (N. Y.), 427; Goodrich v. City of Detroit, 12 Mich., 279; Affeld v. City of Detroit, 112 Mich., 560; City of Leavenworth v. Rankin, 2 Kan., 357; Saxton v. City of St. Joseph, 60 Mo., 153; Keating v. City of Kansas, 84 Mo., 415; German-American Savings Bank v. Spokane (17 Wash., 315), 38 L. R. A., 259; Findley v. Hull, 13 Wash., 236; Wheeler v. City of Poplar Bluff, 3 Mun. Corp. Cases, 20; Town of Central Covington v. Weighans & Bro., 19 R., 1979; Craycraft v. Selvage, 10 Bush, 696; Caldwell v. Rupert, Ib., 179.

2.  Bullitt v. Selvage, 47 S. W., 255; Henning v. Stengel, 66 S. W., 41; Fishback v. Mehler, 66 S. W., 41; Clark v. Bitzer, 66 S. W., 41.

BODLEY, BASKIN & FLEXNER, ATTORNEYS FOR BITZER.

## CLASSIFICATION OF QUESTIONS DISCUSSED, WITH AUTHORITIES.

1.  Where the city made a contract for the improvement of a street at the cost of the abutting property owners, the action of the council is conclusive upon the court as to the necessity for the improvement and the amount of the benefits to the abutting property. French v. Barber Asphalt Paving Co., 181 U. S., 324.

2.  If the improvements exceed in cost the benefits to the abutting property, the city council or the court has power to make all corrections to do justice to all parties concerned, and the court may enforce the lien against the abutting property to the extent the improvements so benefitted it. Kentucky Statutes, sec. 2834; City v. Selvage, 21 R., 349; City v. Clark, 20 R., 1265; Isenberg v. Selvage, 19 R., 1964; Cooper v. Nevin, 90 Ky., 91; Stengel v. Preston, 89 Ky., 622; Bullitt v. Selvage, (Ky.), 47 S. W., 255.

3.  Section 2834 of the Kentucky Statutes, providing that the city shall not be liable in any event without the right to enforce the lien against the property receiving the benefits, applies

only in cases where the city has the right to make the improve-ment exclusively at the cost of the abutting property owners, and does not apply in cases where the city has also the power to make the improvement at its own expense. Caldwell v. Rupert, 10 Bush, 184; Craycraft v. Selvage, 10 Bush, 696.

4. Where city has authority to contract for the improvement, but no authority to impose a lien upon the abutting property, the city itself is liable for the cost. City v. Leatherman, 99 Ky., 216; Gosnell v. City, 104 Ky., 212; City v. McNaughton, 19 R., 1697; City v. Hyatt, 5 B. M., 199; Kaye v. Hall, 13 B. M., 460; Guthrie v. City, 6 B. M., 575; Kearney v. City, 1 Met., 345.

5. The contract by which contractor agreed not to look to the city is based upon the condition precedent that the city could and would give contractor a lien on the abutting property. City v. Hyatt, 5 B. M., 199; Guthrie v. City, 6 B. M., 575.

6. A clause exempting the city from liability in any event only applicable where an invalid contract was made, and does not apply where a valid contract is made. Murphy v. City, 9 Bush, 189.

7. Where the city had authority to contract for the work, but no authority to make it a charge upon the abutting property, it is liable to the contractor or for the price of the work, not-withstanding the stipulation that the city should not be lia-ble in any event. Bellevue v. Hohn, 82 Ky., p. 1, distinguished. That case was not intended to overrule City v. Hyatt, 5 B. M., 199, approved in Kaye v. Hall, 13 B. M., 460.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On September 11, 1897, the general council of the city of Louisville, by ordinance, directed the carriage-way of Daisy Lane to be improved from the center line of Glen Mary avenue to a line 150 feet southeast of and parallel to it. A contract was made with J. R. Gleason for the work, which was done by the contractor, the cost being $1,778.48. The amount was apportioned to Nannie M. Wilson, $757.56; to H. S. and M. S. Barker, $1,001.10; and, the property owners having refused to pay, this suit was brought to enforce the lien on the property. It was shown by the proof that the Wilson lot is on the hilly side of Daisy Lane, or, as it is sometimes called "Transit avenue."

It commences at the intersection of Daisy Lane and Glen Mary avenue, and extends east of this 310 feet. Two-thirds of the lot fronting on Daisy Lane is from 8 to 10 feet higher than the street, and as it runs back from the street it ascends rapidly. The other third of the lot is a worked-out quarry, 40 or 50 feet higher than Daisy Lane, which it is impossible to ascend from the street, except by means of a ladder. The lot is not available for building purposes. The ordinance directed the cost of the street to be assessed against the property owners to a depth of 150 feet. The amount of land against which the cost is assessed under the ordinance is 46,574 square feet, or a little more than an acre. This ground, as shown by the evidence, is worth between $300 and $500. The Barker property is from 10 to 12 feet lower than the land which has been laid out for building purposes, and is below the level of the street to such an extent that to fill it up would be so costly that it is practically valueless for building purposes. The amount of this lot which is subject to the lien is 61,871 square feet, or something over an acre and a half, of value from $300 to $400 an acre. Neither piece of property is suited for agricultural purposes, and neither, under the evidence, has received any benefit from the improvement. Neither is worth now the amount of the charge against it. The circuit court, therefore, on final hearing, dismissed the petition of the contractor against the property owners on the ground that it was spoliation to enforce the lien, but he entered judgment in favor of the contractor against the city for the amount of the warrants, and from this judgment the city and the contractor's assignee appeal. There is little or no conflict in the evidence, and on the appeal the chief contention is that the court ought at least to have charged some part of the cost of the improvement to the property,

although it might have been improper to charge it all to the property, and that no judgment should have been rendered against the city.

The method of assessment by the foot has been followed so long, and has been so often approved by this court, that it no longer remains an open question. Preston v. Roberts, 75 Ky., 570; Nevin v. Roach, 86 Ky., 492, 9 R., 819, 5 S. W., 546. The rule, also, is that, while these assessments rest upon the basis of benefits or presumed benefits to the property assessed, it is not essential to their validity that actual enhancement in value or other benefits to each owner should be shown; the judgment of the city council being conclusive as to the propriety of the improvement. Pearson v. Zable, 78 Ky., 174; Ludlow v. Trustees, Id., 360; Preston v. Rudd, 84 Ky., 150, 7 R., 806; West Covington v. Schultz, 16 R., 831, 30 S. W., 410, 660; Allen v. Woods, 20 R., 59, 45 S. W. 106; Bullitt v. Selvage, 20 R., 599, 47 S. W., 255. On the other hand, it is held that when, owing to extraordinary facts, the presumption on which the rule rests does not apply, and to force the owner to make the improvement is to confiscate his property without compensation, this is spoliation, and will not be enforced. Covington v. Southgate, 54 Ky., 491; Louisville v. Louisville Rolling Mill Co., 66 Ky., 416, 96 Am. Dec., 243; Broadway Baptist Church v. McAtee, 71 Ky., 508, 8 Am. Rep., 480; Preston v. Rudd, supra; Frantz v. Jacob, 88 Ky., 532, 11 R., 55, 11 S. W., 654; James v. Louisville (19 R., 447), 40 S. W., 912. In other words, the judgment of the legislative municipal authorities is held conclusive in all cases of doubt as to these matters; but, where the total value of the property taxed after the improvement is made is less or no more than the cost of the improvement, there is no room for difference of opinion—that to enforce the lien is to take from the owner his

property without compensation. In no case decided by this court has this been approved, and, while we are unwilling to extend the rule, it has been so often laid down that it can not now be departed from. It may be objected that logically the rule should be to reject all assessments in excess of the benefits received by the property owners, and not to confine its operations to cases where the assessment equals the value of the property when improved. But in every system of taxation exact equality of benefits among those taxed is never attainable. The rule of assessment by the foot is no less arbitrary than the rule under consideration. In matters of this sort there must be some settled rule, and it is especially important that the rule should be well defined. The proper legislative authority, not the court, must judge of the propriety of the improvement, and the benefits to the abutting property owners. But no department of the Government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown.

The proof here showing conclusively that the cost of the improvement far exceeded the entire value of the property assessed after the improvement was made, the circuit court properly refused to enforce the lien upon the property. But it is insisted that, as under section 2834, Kentucky Statutes, 1899, the court is authorized to make all corrections, rules and orders to do justice to all parties concerned, it should at least have enforced the warrants to some extent against the property, although the whole amount was not enforceable. The difficulty with this is that we have nothing to guide us, and that to enter any judgment against the

property owner would be simply an arbitrary guess. The proof is that the property received no benefit at all from the improvement. The testimony to this effect by the witnesses is supported by the facts shown in the record. We can not take away from the citizen his property without proof warranting the judgment. When the assessment is enforced on the ground that the judgment of the legislative authorities is conclusive of the question of benefits, the judgment of the court is based upon the decision of the legislative body fixing the boundary on which the burden of the special tax shall fall. But when the decision of the legislative authorities is rejected for the reason that a case of spoliation is established, the court has nothing to guide it in determining how far the property of the citizen is taken for public purposes without just compensation, except the proof in the case; and there can be no judgment against the citizen unlees the evidence is sufficient to enable the court to reach a conclusion intelligently. The party on whom the burden of proof rests must make out his case. Without proof the chancellor can not assume there were benefits to a certain extent, and guess at the amount. The proof here being to the effect that the property was not benefited by the improvement, and there being practically no contrary evidence, the chancellor refused to enter any judgment against the property holders; and, under the evidence, we can not disturb his conclusion on the facts. If the case had been prepared to present this matter, or even if a motion has been made for leave to take further proof on the subject, a different question would be presented."

It remains to consider the propriety of the judgment against the city. Section 2834, Kentucky Statutes, 1899, provides: "And in no event, if such improvement be made as is provided for, either by ordinance or contract, shall

the city be liable for such improvement without the right
to enforce it against the property receiving the benefit
thereof." It is settled, however, that this statute does not
apply to cases in which the city has no power to make the
improvement at the cost of the owners of adjacent proper-
ty, and that where the city has complete authority to con-
tract for the work, but no authority to make a charge on
the abutting property, it is liable to the contractor for the
price of his work. Caldwell v. Rupert, 73 Ky., 179; Louis-
ville v. Nevin, 73 Ky., 549, 19 Am. Rep, 78; Craycraft v.
Selvage, 73 Ky., 696; Louisville v. Leatherman, 99 Ky., 213,
18 R., 124, 35 S. W., 625; Gosnell v. Louisville, 104 Ky.,
212, 20 R., 519, 46 S. W., 722. The contract under which
the work was done, however, contains these words: "It
is further agreed by the contractor that for the contract
price or cost of all work mentioned above or required to be
done by him under any of the provisions of this contract,
he will look alone to the lot owners or the property de-
scribed in the ordinance aforesaid, and that in no event
shall he be entitled to recover any part thereof from the
city of Louisville." The learned counsel for the city earn-
estly maintains that the contractor is bound by his contract,
and that, having agreed not to look to the city, he can not
recover against it. A number of authorities from other
States are relied on as sustaining this position. But the
contract was made under the statute, and must be read in
connection with it. The language of the contract is certain-
ly no stronger than the language of the statute. Its nat-
ural construction is that it conveys the same idea as the
statute. The rule is that if a contract is capable of two
constructions, by one of which it is illegal, and by the other
it is legal, that construction will be preferred which makes
the contract legal. The city has authority to contract for

the construction of streets. It has also authority in certain cases to contract for their construction at the cost of the abutting property. If the rule is that the city is responsible to the contractor where it is held that the city had no authority to contract for construction of the street at the cost of the abutting property, then the contractor, in making his bid, will not take into consideration uncertainty of pay as an element in fixing the price at which he will do the work. But if the rule is that only the property owner is to be looked to, and that the contractor will get no pay for his work where the city had no authority to contract for the improvement at his cost, then the contractor, in undertaking the work and fixing the price, must take this uncertainty into consideration, and add to the price he would otherwise charge a sum sufficient to cover the risk of non-payment of the claim. An additional burden will therefore be laid upon the property owner, for in case he is held liable he will have to pay not only the fair cost of the improvement, but an additional sum to cover the risk of the contract. The Legislature aimed to avoid placing this burden on the property holder, and so made the city liable in this contingency, for it re-enacted the present statute with the construction which this court had placed upon it. When the Legislature has placed the burden upon the city to avoid injustice to the property holder as well as the contractor, the city can not by contract relieve itself from the liability thus imposed upon it by law; and, if the contract before us required such a construction, we should be compelled to hold it contrary to the policy of the statute, and not enforceable. The authorities relied on from other States are therefore inapplicable.

Judgment affirmed.

Judge Barker not sitting.