| 145 | 29 |
|-----|----|
| s151 | 99 |

1. LANDLORD AND TENANT — BREACH OF CONTRACT — FAILURE TO GIVE POSSESSION—DAMAGES.

  The measure of damages, where a lessor fails to give possession of the leased premises, is the difference between the actual rental value and the rent reserved.

2. SAME—INTERRUPTION OF BUSINESS.

  Defendant leased premises to plaintiff, the term to begin at a future day, and in the interim gave plaintiff permission to bring his tools and desk to the premises and use defendant's machinery and horse and wagon when not in use by defendant, plaintiff paying a certain price for such use. Before the beginning of the term, defendant repudiated the lease and refused to deliver possession to plaintiff in accordance with it. *Held*, that plaintiff's occupancy and carrying on of his business on the premises was not such an established business as would create an exception to the general rule and permit the recovery of damages for the loss of prospective profits caused by interruption of plaintiff's business.

Error to Wayne; Mandell, J. Submitted February 2, 1906. (Docket No. 99.) Decided July 9, 1906.

Case by George H. Jarrait against Louis M. Peters for damages for refusal to give possession under a lease. There was judgment for plaintiff, and defendant brings error. Reversed.

*Thomas Hislop*, for appellant.

*Van Zile & Brownson*, for appellee.

McALVAY, J. This is an action for damages brought by plaintiff against defendant for refusal to give possession of certain premises leased by plaintiff for the term of two years. On October 13, 1903, these parties entered into a certain contract in writing for leasing certain premises

---

[1] Rehearing denied December 17, 1906.

belonging to defendant used for the purpose of carpet cleaning and carpet weaving, together with the tools, machinery, and appliances connected therewith, for the rent of $1,200 for the term of two years from and after January 5, 1904; $50 to be paid on the execution of the lease, and $50 on February 5, 1904, and a like sum on the 5th day of each month thereafter during the term of the lease. Plaintiff paid $25 and gave his note for $25 when the lease was executed. Privilege was given to plaintiff to purchase the entire property for $3,000.

On October 19, 1903, plaintiff, having lost his employment by reason of the fact that he intended going into business, brought his tools and desk to defendant's premises and was permitted by defendant to remain and use some of the machinery, and horse and wagon, when defendant was not using the same, and to pay a certain price for such use. This arrangement was independent of the leasing in dispute. It did not amount to a possession and control of the premises. It was simply an accommodation or license revokable by defendant at any time. Plaintiff remained there under this arrangement doing work for himself until December 18th following, when defendant told him to quit and refused to allow him the use of the place afterwards. On January 5, 1904, plaintiff came to the place, tendered $25 to make the balance of the first payment, and demanded possession under his lease, which defendant refused. He never went into possession under the lease. He at once brought this suit.

The claim of defendant is that at the time of making the lease the plaintiff fraudulently represented that his brother would furnish him the money, and it was agreed that plaintiff would pay defendant the sum of $500 for stock on hand, horse, wagons, and the good will of the business, as a condition precedent to going in under the lease, and that plaintiff fraudulently induced defendant to execute said lease, and, not fulfilling this agreement, was refused possession under the lease. The declaration charges that the damages for which suit was brought

arose on account of defendant refusing to deliver possession of the property leased and unlawfully withholding the same from plaintiff. Under the general issue defendant gave notice of the defense above outlined. The case was tried before a jury and resulted in a judgment for plaintiff.

Numerous errors are assigned by defendant. A consideration of the two material errors upon which defendant mainly relies will, we think, dispose of the case. He bases his contention that the judgment should be reversed mainly upon the ground that the court erred in charging the jury that they could consider and allow plaintiff as damages in this case his prospective profits that would arise in two years out of this business. It is well settled upon authority that the measure of damages when a lessor fails to give possession of the leased premises is the difference between the actual rental value and the rent reserved. 1 Sedgwick on Damages (8th Ed.), § 185. Mr. Sedgwick says:

" If the business were a new one, since there could be no basis on which to estimate profits, the plaintiff must be content to recover according to the general rule."

The rule is different where the business of the lessee has been interrupted. *Taylor* v. *Cooper*, 104 Mich. 72.

This was not an interrupted business, as the court appeared to view it in his charge when he said:

" You must determine from all the evidence whether that business was so established as to convince you or any reasonable body of men with reasonable accuracy that there was profit in that business, and, if you can determine from that experience of his, then all the testimony of the various persons that have been introduced here to tell you what the probable profits would be becomes proper for you to consider."

Also:

" He has introduced evidence which would tend to show what his profits would have been during the two years."

Also:

"He is entitled to the profits that are shown by the evidence here to be reasonably probable that he would have made."

The circumstances shown, under which he was permitted to use some of the machinery, would not warrant treating this as an established business of plaintiff, and bring the case within the exception to the general rule for the measure of damages above given, and allow recovery for further damages. Errors are assigned upon the portions of the charge above given. The evidence admitted tending to show the prospective profits plaintiff might have made for the ensuing two years should therefore have been excluded under the objections made by defendant, and the jury should have been instructed that the plaintiff's damages, if any, would be the difference between the actual rental value of the premises and the rent reserved in the lease. The theory of defendant as to fraud was submitted under proper instructions.

Other errors assigned upon the introduction of evidence need not be considered, for the reason that on account of the views herein expressed these questions will not again arise.

Judgment is reversed, and a new trial granted.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.