## ROOKS v. BOOTH.

1. STATUTE OF FRAUDS — CONTRACTS TO BE PERFORMED WITHIN ONE YEAR—LEASE—LANDLORD AND TENANT.

   An unwritten agreement to extend the time for a year under a lease which would otherwise expire in less than a month, is not within the statute of frauds.

2. JUDGMENT—RES JUDICATA—QUESTIONS CONCLUDED.

   The doctrine of *res judicata* cannot be applied to a judgment of the circuit court commissioner which may have been based upon any one of three findings of facts not shown by the record.

3. DAMAGES—LOST PROFITS—EVIDENCE.

   Damages for lost profits are recoverable by a tenant who has been compelled to move in violation of an agreement to renew his lease, and may be estimated from evidence of his profits before and after the removal.[1]

4. SAME—RENTAL VALUE—EVIDENCE.

   It is incompetent to show the rent payable by a subsequent tenant whose lease provided that he should construct a building on the premises and pay the taxes assessed against the realty.

Error to Wayne; Murfin, J. Submitted November 10, 1909. (Docket No. 74.) Decided March 5, 1910.

---

[1] As to loss of profits as element of damages for breach of contract, see note to *Wells* v. *National Life Ass'n of Hartford* (Fed.), 53 L. R. A. 97; also *Pittsburg Coal Co.* v. *Northy*, 158 Mich. 530.

Assumpsit by Horace W. Rooks against Minnie C. Booth for breach of a contract of leasing. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Galloway & Graham* (*James H. Pound*, of counsel), for appellant.

*Henry C. L. Forler*, for appellee.

BLAIR, J. As stated in the record:

"This is an action in assumpsit, brought by plaintiff for the breach of an alleged oral agreement to extend a subsisting written lease existing between the parties for one year."

Plaintiff's proofs tended to show that the oral agreement was made in August, 1907, to extend the term of his written lease, which expired September 1, 1907, upon the same conditions and agreements as therein contained, including the rent of $600 per annum. Defendant denied the making of the oral agreement as claimed. The undisputed evidence shows that on May 14, 1907, defendant entered into a written lease with William W. Blessed—

"For his occupation of premises 395 Woodward Ave. for 'twenty years from and after the first day of September, 1907.' Such occupation of the lessee to be the entire first floor and main part of basement, for his grocery business, in a building covering the entire premises to be constructed by the lessor, at the rental of $2,500 per year."

Having agreed to modify the terms of this lease, the parties entered into another lease in writing on August 30, 1907, for the same term, at the rental of $1,200 per year, and all taxes to be assessed against the premises during said term; the lessee to construct the building for his said business. The defendant's proofs tended to show that an arrangement was made between Mr. Blessed and Mr. Rooks that Rooks "would occupy the premises at the same rent that he had paid to Miss Booth for one month only." Plaintiff denied that any such arrangement was made. Plaintiff refusing to surrender possession, Mr.

Blessed instituted summary proceedings before a circuit court commissioner to get possession, and obtained judgment of restitution, from which no appeal was taken. Plaintiff appeared, and made a defense.

"*Q.* Did you make any claim then that you had a right in the premises from Miss Booth?

"*A.* Certainly I did. I made that claim all the time. I told all the time that she told me I was going to stay there.

"*Q.* I ask you if you made that the basis of your defense?

"*A.* Certainly I did; that is the only claim I had."

Plaintiff, against defendant's objection, was permitted to show the profits of his business before and after he was compelled to move. Plaintiff was also permitted to show by Mr. Blessed—

"That under his lease with Miss Booth he paid $100 per month for the lot, and paid all the taxes; that his lease started from August 30, 1907, and he paid the taxes that fall.

"*Q.* Have you the tax receipt?

"*A.* I think I have.

"*Q.* What is the tax rate for the year?

"*Mr. Galloway:* I think that is immaterial, about the taxes. I don't see that that cuts any figure here.

"*The Court:* What is the purpose of it?

"*Mr. Forler:* To find out the actual rent Mr. Blessed is paying for this property.

"*The Court:* What difference does it make how much rent Blessed is paying.

"*Mr. Forler:* To determine the rental value of the property; that is one of the elements that should be considered.

"*The Court:* I think that is true.

"*Mr. Forler:* It is easy to figure out the profits we rely on from the rental value.

"*The Court:* I think that is so. I will take the answer on that. Defendant excepts."

Plaintiff secured a verdict, and recovered judgment for $1,085.75, and defendant brings the record to this court for review on writ of error.

The defendant contends that:

1. The oral agreement was within the statute of frauds.

This point is not well founded. *Whiting* v. *Ohlert*, 52 Mich. 462 (18 N. W. 219, 50 Am. Rep. 265); *Waldo* v. *Jacobs*, 152 Mich. 425 (116 N. W. 371).

2. The judgment of the circuit court commissioner is *res adjudicata.*

We cannot say from this record whether that judgment was founded upon the grounds: (*a*) That plaintiff made an arrangement with Blessed to surrender possession after one month; (*b*) or that defendant made the agreement as claimed by plaintiff, but it was ineffective because of the superior right of Blessed; (*c*) or that defendant did not make the oral agreement with plaintiff. We cannot therefore apply the doctrine of *res adjudicata.*

3. The court erred in admitting evidence of loss of profits, and of the rental value of the property under the Blessed lease.

We think the rule relative to an interrupted business applies in this case, and that loss of profits may be shown. *Taylor* v. *Cooper*, 104 Mich. 72 (62 N. W. 157); *Jarrait* v. *Peters*, 145 Mich. 29 (108 N. W. 432). We are of the opinion, however, that the court erred in permitting the jury to consider the rental value as fixed by the Blessed lease. Mr. Blessed was to construct a new building, which would increase the value of the premises. The rent would naturally be fixed by an estimate, or an attempted estimate, of the mean value of the term, considering the fluctuations to which it would be liable during the term, including the increase or decrease in taxation, and would not afford a sufficiently definite basis for estimating the rental value of the premises with the old building thereon for the period of one year.

The judgment is reversed, and a new trial granted.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and BROOKE, JJ., concurred.