## City of Louisville v. Benedict, et al.

(Decided March 6, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Apportionment Warrant—Action to Enforce—Where Improvement Exceeds Cost of Lot.—In an action to enforce a lien in satisfaction of an apportionment warrant, the evidence showing the cost

of the improvement to be in excess of the value of the lot, the action was properly dismissed as to the lot owner.

J. W. S. CLEMENTS for appellant.

ARTHUR B. BENSINGER for appellee Benedict.

FURLONG, WOODBURY & FURLONG for appellee, Gosnell.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by Geo. W. Gosnell, contractor, to enforce a lien upon two lots of ground owned by the appellee, Jane Benedict and situated on Hite avenue, in the city of Louisville, in satisfaction of apportionment warrants, one of $377.49, and the other $60.49, exclusive of interest; these amounts representing the cost of constructing Hite avenue, apportioned to and assessed against Mrs. Benedict's lots, respectively.

The appellant, City of Louisville, was joined with the appellee, Benedict, as a defendant; it being alleged in the petition that the latter had refused to pay the warrants, and that in the event the court should hold her lots not liable therefor, the contractor, Gosnell, would be entitled to recover the same of the City, and such was the prayer of the petition.

. The answer of appellee, Benedict, denied the right of Gosnell to subject the lots to the payment of the warrants, and alleged that the cost of improvement of Hite avenue apportioned to her lots, respectively, exceeded the value of the lots after the improvement, and that to enforce the lien asserted by a sale of the lots, would amount to spoliation and result in the confiscation thereof.

The appellant, City of Louisville, filed an answer which was made a cross petition against Mrs. Benedict. The pleading in question traversed such of the averments of the petition as sought a recovery against the city, and affirmatively controverted all averments of Mrs. Benedict's answer as to the value of her lots. By an amended answer and cross petition the city pleaded as an estoppel to appellee Benedict's defense of spoliation, that it was induced to improve the street in question by a petition from appellee and others, whose lots would be benefited, requesting that it be done; in which petition assurance was given that no claim would be made against the city by the petitioners for any damages

that might result to their property from the construction of the street.

The averments of the amended answer and cross petition constituting the plea of estoppel were, on appellee's motion, stricken out by the circuit court, to which appellant excepted. Other matters of defense remaining in the answer and cross petition were controverted by appellee's reply, and the taking of proof by the parties followed. The circuit court, after a careful consideration of the evidence and an inspection of Hite avenue and appellee's lots, gave Gosnell, the contractor, judgment against the appellant, City of Louisville, for the amount due on each of the apportionment warrants, and dismissed the petition of the former and cross petition of the latter as to the appellee, Benedict. From that judgment, both Gosnell and the City of Louisville have appealed.

In our view of the case the only question presented by the record for decision is, does the cost of improving Hite avenue apportioned to and assessed against appellee's lots, equal or exceed the value of the property, after the improvement? If the affirmative answer to this question, furnished by the judgment of the circuit court, is sustained, by the evidence, the enforcement of the lien attempted to be asserted against appellee's property by the contractor was properly refused.

In City of Louisville vs. Bitzer, 115 Ky., 359, we, in part, said:

"In other words the judgment of the legislative municipal authorities is held conclusive in all cases of doubt as to these matters: (i. e., as to the propriety of making the improvement and necessity of incurring the cost) but, where the total value of the property taxed after the improvement is less, or no more than the cost of the improvement, there is no reason for difference of opinion—that to enforce the lien is to take from the owner his property without compensation. In no case decided by this court has this been approved, and while we are unwilling to extend the rule, it has been so often laid down that it cannot now be departed from * * * The rule of assessment by the foot is no less arbitrary than the rule under consideration. In matters of this sort there must be some settled rule, and it is especially important that the rule should be well defined. The proper legislative authority, not the court, must judge of the propriety of the improvement, and the benefits

to the abutting property owners. But no department of the Government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown.'' Covington vs. Southgate, 54 Ky., 491; Preston vs. Rudd, 84 Ky., 150; Otter vs. Barber Asphalt Co., 29 R., 1157, 96 S. W. 862.

It remains to be determined whether the judgment of the Circuit Court is supported by the evidence. It appears from the evidence that appellee's two lots, upon which the contractor's lien is sought to be enforced, are vacant lots and though each is given a separate boundary in her deed, they lie side by side and consist in fact of but one parcel of ground with an entire frontage on Hite avenue of scarcely more than a hundred feet. The lot is in the main a ravine and being by far the lowest ground on the street, the water from the surrounding territory naturally flows upon it and through the ravine. This was its condition before Hite avenue was improved. In grading and constructing Hite avenue a high fill was made along the entire width of appellee's lots, which elevated the street, when completed, to a height of five or six feet above them, and by the construction of culverts in this fill, water in increased quantities was caused to flow upon and flood the lots. If the lots are ever used for building purposes an unusual amount of filling must be done at a cost exceeding their present value.

Six witnesses, nearly all of whom are dealers in real estate, and all of them familiar with these lots and their value, testified that their fair market value since the improvement of Hite avenue, and at the time of giving their testimony, is not more than $150.00, which is the amount at which they were assessed by the city for taxation before the street was improved. On the other hand four or five witnesses introduced for the city, some of whom never saw the property, and none of whom appeared to be familiar with the value of lands in that part of the city, expressed the opinion that appellee's lots are worth from $500.00 to $700.00.

Considered as a whole, we think the weight of the evidence is to the effect that the lots are worth about $200.00 and in no event more than $300.00; and as the apportionment warrants amounted, at the time the judgment was rendered, including interest, to as much as

$500.00, it is obvious that the value of the lots is considerably less than the cost of the improvement.

We are not bound by the circuit court's finding of facts, but should sustain it, if supported by the weight of the evidence; and we are the more inclined to agree with the Circuit Judge's valuation of the lots in this case as his opinion of the matter was formed not only from the evidence before him, but also from his personal inspection of the premises.

Appellant introduced evidence to the effect that during the pendency of the action one of its employes was willing to make appellee an offer of $500.00 for the lots, and had made such offer accompanied by an assurance from appellant that it would guarantee the payment of the money, if appellee would convey the property to the would-be purchaser. It appears that this offer was made by appellant's procurement, for the purpose of effecting the decision of the case. The evidence was properly rejected by the circuit court, as it was obviously not made in good faith, and besides the question to be determined was not what the City of Louisville, or a person of its procurement, was willing to give for the lots in order to defeat her defense to the action, but what was its market value after the improvement of the street. Such evidence is clearly incompetent. Elliott on Evidence, (2nd. ed.) Sec. 169; Keller, etc., vs. Payne, 34 Hund. (N. Y.) 177.

The plea of estoppel contained in appellant's amended answer and cross petition was unavailing. The fact that appellee, in common with other property owners, on Hite avenue, signed the petition for the improvement of the street, and that the petition contains a waiver of any claim for damages for such injury as might result therefrom to their property, does not bar the defense interposed by her. It is not alleged, or shown that when she signed the petition she was informed of the cost that would be apportioned to her property by the improvement of the street, or that she knew the construction of the street would require it to be so elevated above her lots as to make them practically worthless. Whether the waiver of damages in the petition for the improvement, would prevent her from recovering of the city for the increased flow of water upon her lots, is not before us for decision and is not decided. Her defense is not in the nature of a claim for damages arising from the building of the street, but that the market value of the

property after the improvement of the street, is less than the cost of the improvement. The defense is one of resistance and is good, as it is sustained by the evidence and clearly comes within the rule announced in City of Louisville vs. Bitzer, supra.

Being of the opinion that the judgment of the circuit court correctly determined the rights of the parties, it is affirmed on the original and cross appeal. Whole court, except Judge Miller, sitting.