LESLIE E. BROOKS COMPANY, A CORPORATION, *Plaintiff in Error*, v. T. H. LONG, *Defendant in Error*.

Opinion Filed Feb. 3, 1914.
On Rehearing March 4, 1914.

LANDLORD AND TENANT—DAMAGES WHERE LESSOR FAILS TO DELIVER POSSESSION TO LESSEE—REMOTE AND SPECULATIVE PROFITS IN PROSPECTIVE BUSINESS NOT ALLOWED— OFFERS FOR PROPERTY, EITHER TO RENT OR TO BUY IS NOT PROOF OF ITS VALUE AND SHOULD NOT BE INTRODUCED AS EVIDENCE.

1. The general rule is that the lessee can recover from the lessor for breach of a contract to deliver possession of the leased premises the difference, if any, between the rent contracted to be paid and the actual rental value of the premises. Prospective profits from the business that the lessee expected to conduct in said premises are too remote and speculative, dependent upon too many contingencies to be permissible as an admeasurement of damages in such cases.

2. In proving the value of property, it is improper to admit testimony of an alleged offer of a particular price for the property, as tending to show its value. This is a kind of proof that could be so easily manufactured that its admission would be too dangerous to be tolerated. Neither a party who has made an offer for the land. nor the owner should be permitted to testify to the same for the purpose of proving value.

Writ of Error to Court of Record for Escambia County; Kirke Monroe, Judge.

Judgment reversed; COCKRELL, J., dissenting.

*Blount & Blount & Carter*, for Plaintiff in Error.

*Reeves* & *Watson* and *Pasco* & *Patillo Campbell,* for De-
fendants in error.

TAYLOR, J.—The defendant in error, hereinafter re-
ferred to as the plaintiff, sued the plaintiff in error, here-
inafter referred to as the defendant, in the Court of Rec-
ord of Escambia County in an action for damages for
breach of a contract to lease and deliver possession of cer-
tain premises in the city of Pensacola, the plaintiff being
the lessee and the defendant being the lessor.

A default was taken and entered for want of a plea, and
the question of damages was submitted to the presiding
judge without a jury, and the judge rendered judgment in
favor of the plaintiff for the sum of $750.00. After the
ovrruling of its motion for new trial, the defendant be-
low brings the case here for review by writ of error.

The proofs on the inquest of damages showed that the
defendant entered into a written lease of the premises in
question for two years from April 1st, 1913, to March 31st,
1915, at a stipulated rental of $1,200.00 per annum pay-
able monthly in advance at the rate of $100.00 per month,
and that the plaintiff had paid $150.00 in advance towards
the rent, and that the defendant had failed and refused to
deliver possession of the premises at the time appointed
in the contract of lease, but on the contrary had leased the
premises to other parties and put them in possession.

The plaintiff to prove his damages offered evidence to
the effect that he rented the premises for the purpose of
conducting a barber shop therein, and was permitted over
the defendant's objection to show what he would have net-
ted in such business if he had obtained possession as con-
tracted for. All of this testimony was objected to on the
ground that it was improper, speculative and imperti-
nent, and that the only legal measure of damages in such

a case was the difference, if any, between the rent contracted for and the actual market rental value of said premises, but the court overruled said objections and permitted said testimony to be presented. This ruling is assigned as error.

This was error. The general rule applicable in such cases is that the lessee can recover from the lessor for breach of contract to deliver possession of the leased premises, the difference, if any, between the rent contracted to be paid and the actual rental value of the premises. Prospective profits from the business that the lessee expected to conduct in said premises are too remote and speculative, dependent upon too many contingencies to be permissible as an admeasurement of damages in such a case. 3 Sedgwick on Damages, 984; Moses v. Autuono, 56 Fla. 499, 47 South. Rep. 925; Hodges v. Fries, 34 Fla. 63, 15 South. Rep. 682; Jarrait v. Peters, 145 Mich. 29, 108 N. W. Rep. 432; Sloan v. Hart, 150 N. C. 269, 63 S. E. Rep. 1037; Smith v. Phillips, 16 Ky. Law 615, 29 S. W. Rep. 358.

The plaintiff was permitted over the defendant's objection to show that he had been offered by a third party after his contract of lease had been signed an advance of $25.00 per month over the rent he had agreed upon to pay for a sub-lease of the premises. This ruling is assigned as error. This ruling was also erroneous. An offer for property depends on so many considerations that it is not usually regarded as a test of value. 13 Ency. Evidence 451, and cases there cited; Sharp v. United States, 191 U. S. 341, 24 Sup. Ct. Rep. 114; Perkins v. People, 27 Mich. 386; Crosby v. Dorward, 248 Ill. 471, 94 N. E. Rep. 78; Morrill v. Bentley, 150 Iowa 677, 130 N. W. Rep. 734; City of Louisville v. Benedict, 147 Ky. 391, 144 S. W. Rep. 43. In the case of Stewart v. James, 1 Nebraska Unofficial 507, 95 N. W. Rep. 778, it is said: "In proving the

value of property, it is improper to admit testimony of an
alleged offer of a particular price for the property, as
tending to show its value  This is a kind of proof that
could be so easily manufactured that its admission would
be too dangerous to be tolerated." In the case of Chicago,
M. & St. P. Ry. Co., v. Alexander, 47 Wash. 131, 91 Pac.
Rep. 626, it is held: "That neither a party who has made
an offer for the land nor the owner should be permitted
to testify to the same for the purpose of showing value."
Tennessee Coal, Iron. R. Co. v. State, 141 Ala. 103, 37
South. Rep. 433.  Yellowstone Pahk R. Co. v. Bridger Coal
Co., 34 Mont. 545, 87 Pac. Rep. 963.  Since the court be-
low erred in admitting or considering this proof, there
was no other evidence in the case that could sustain the
court's findings and judgment for the plaintiff, since the
defendant proved without contradiction, except by the il-
legal proof of the offer to sub-lease, that the actual rental
value of the premises was the same as the rent reserved
in the contract of lease.   Upon the proofs before the
court below the judgment should have been for the plain-
tiff, but only for the sum of $150.00 with interest thereon
from the date it was paid as rent in advance.

The judgment of the court below is hereby reversed at
the cost of the defendant in error.

SHACKLEFORD, C. J., and HOCKER and WHITFIELD, J. J.,
concur.  COCKRELL, J., dissents.

## ON REHEARING.

TAYLOR, J.—In an application for rehearing in this
cause the defendant in error agrees to a remittitur of the
excess found by this court to exist in the amount recov-

ered by him.  Therefore, in order to end the litigation between the parties, the former judgment of this court is hereby modified and amended so as to permit the plaintiff below, within twenty days from the filing of the mandate of this court in the court below, to enter a remittitur of his said judgment of all of such judgment save and except the sum of one hundred and fifty ($150) dollars thereof with the interest on said one hundred and fifty ($150) dollars from December 7, 1912.  Upon thhe entry of such remittitur the said judgment shall stand affirmed, otherwise the same shall stand reversed.  The cost of the writ of error here to be taxed against the defendant in error.

All coucur.