S. T. ROGERS v. STANDARD OIL COMPANY, Incorporated in Kentucky.

178 So. 427.

Division A.

Opinion Filed January 22, 1938.

*Vocelle & Mitchell,* for Plaintiff in Error;

*Martin H. Long* and *Judson Freeman,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review on demurrer sustained to amended declaration.

The declaration was in three counts. The first count is as follows:

"The plaintiff, S. T. Rogers, was living in Akron, Ohio, and on or about the fifth day of December, 1936, the Defendant, Standard Oil Company, a corporation, incorporated in Kentucky, advised the plaintiff that it desired to rent to the plaintiff, and offered to rent to the plaintiff, a filling station at Wabasso, Indian River County, Florida, known as the Wabasso Service Station at and for the sum of $20.00 per month plus one-half cent on each gallon of gasoline sold, and advised the plaintiff that the possession of said service station would be delivered to him on December 14, 1936, and requested the plaintiff to be at Wabasso, Florida, on December 14, 1936, to take possession of said station. Plaintiff says that he accepted the said offer and rented the said service station from the defendant at and for the sum of $20.00 per month plus one-half cent on each gallon of gasoline sold, said rent being the consideration for the rental of said premises to the plaintiff, and pursuant to said contract of rental left his business in which he was then and there engaged at Akron, Ohio, and at his own expense traveled to Wabasso, Florida, arriving there prior to December 14, 1936, and was ready, able and willing on December 14, 1936, to accept possession of said Wabasso Service Station in accordance with the contract of rental previously made with the defendant, but plaintiff says that the defendant failed and refused to deliver possession of said service station to the plaintiff and thereby breached its contract of rental with the

plaintiff, and plaintiff thereupon returned to Akron, Ohio, to resume his business there."

The Second and Third Counts of the Declaration are like the first count except that they relate to an agreement alleged to have been made on or about the 28th of December, 1936, regarding the rental of the same service station referred to in the First Count of the Declaration and alleges a breach of the agreement alleged to have been made on or about December 28th, 1936.

Bill of Particulars attached to the Declaration was as follows:

*"Bill of Particulars as to First Count.*
Railroad fare and expenses, Akron, Ohio, to
Wabasso, Florida, and return _____$ 250.00
Loss of time from business _____ ·250.00
*"Bill of Particulars as to Second and Third Counts.*
Railroad fare and expenses from Akron,
Ohio, to Wabasso, Florida, for plaintiff and
family _____ 500.00
Loss of time of plaintiff between date of sale
of business and time of acquiring new position _____ 1000.00
Sale of business at less than market value to
accept possession of service station of defendant—loss _____ 500.00"

The grounds of the demurrer were as follows:

"1. No one of said counts states any cause of action.

"2. No one of said counts alleges any obligation on account of the plaintiff to constitute a consideration for any act of the defendant.

"3. No one of said counts allege that the plaintiff actually offered to accept possession of the premises described on the date set forth in said declaration.

"4. That no consideration for the alleged contract is shown or alleged.

"5. That for all that appears in said amended declaration the plaintiff may have refused to accept possession of said property.

"6. That said amended declaration fails to show that the defendant did not offer the possession of said property to the plaintiff on the date specified or on some other date.

"7. That the said amended declaration does not show that the defendant did not offer to make repairs as alleged in said amended declaration or deny that the plaintiff refused to then and there accept possession of said premises."

Demurrer was sustained and judgment entered thereon.

The declaration in each count alleges not a lease but an agreement for a lease. The terms of that agreement are not alleged. It is not alleged that any consideration passed to the defendant.

There is no allegation in the declaration to show that the agreement was such as to bind either party without consideration having been passed from one to the other. There is no allegation in the declaration that the defendant induced or caused the plaintiff to expend any of the sums of money mentioned in the bill of particulars, or that the expenditures of such sums of money were a natural consequence of the alleged contract or agreement for a lease. There is no allegation in the declaration showing that the value of the lease was more than the plaintiff agreed to pay for the lease. There are no allegations in the declaration sufficient to show that the contract or agreement referred to in the declaration was such as to bind the parties

so that either might have maintained a suit for specific performance against the other.

There is no allegation in the declaration that the plaintiff demanded possession of the filling station referred to in the declaration.

In the case of Leslie E. Brooks Co. v. Long, 67 Fla. 68, 64 Sou. 542, this Court held:

"The general rule applicable in such cases is that the lessee can recover from the lessor for breach of contract to deliver possession of the leased premises, the difference, if any, between the rent contracted to be paid and the actual rental value of the premises. Prospective profits from the business that the lessee expected to conduct in said premises are too remote and speculative, dependent upon too many contingencies to be permissible as an admeasurement of damages in such a case. 3 Sedgwick on Damages, 984; Moses v. Autono, 56 Fl. 499, 47 South. Rep. 925; Hodges v. Fries, 34 Fla. 63, 15 South. Rep. 682; Jarriat v. Peters, 145 Mich. 29, 108 N. W. Rep. 432; Sloan v. Hart, 150 N. C. 269, 63 S. E. Rep. 1037; Smith v. Phillips, 16 Ky. Law. 615, 29 S. W. Rep. 358."

This ruling followed the enunciation in Moses v. Autuono, 56 Fla. 499, 47 Sou. 925, and Hodges v. Fries & Co., 34 Fla. 63, 15 Sou. 682. A case in point is that of Hughes, *et al.*, v. Hood, *et al.*, 50 Mo. 350, in which the Supreme Court of Missouri was considering a case where the plaintiffs, non-residents of Missouri, residing in Indiana, had an agreement to lease a farm in the State of Missouri, the lease to commence on a future date; the plaintiffs purchased farm utensils and removed their families with farming utensils from their residences in Indiana to the place in Missouri where the farm was located. When they arrived there they were refused possession and brought

suit against the alleged lessors and claimed damages, including their expenses in moving from Indiana to Missouri, and also damages for the loss of the use of their farming utensils. There was no covenant in the agreement to lease to indemnify them for the expense of removal in the event possession was not given according to the terms of the agreement. In discussing this phase of the case the Supreme Court of Missouri said:

"A party can recover only such damages as naturally result from a breach of the covenant sued on. He cannot recover remote or speculative damages not provided for by the contract. He can protect himself against such damages by requiring a provision to that effect to be inserted in the contract. If he fails to do this he can only recover what naturally results from a violation of the contract. What connection with this covenant has the plaintiffs' place of residence? It so happens that they resided in Indiana and had to remove to Missouri. This did not result from the terms of the contract. It made no kind of difference where they resided, or how much it cost to remove their families to Missouri. If they had resided in Europe or Asia, or some other remote country, it might have cost them ten times as much to remove here as it did from Indiana. Such considerations are in nowise connected with the contract, and are too remote to be taken by the court or jury as a part of the measure of damages in a case like this."

For the several reasons stated, we must hold that the amended declaration fails to allege a cause of action and, therefore, the judgment should be and is affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.