## National Cast Iron Pipe Co. v. City of Paducah.

Nov. 21, 1944.

McMurry & Shoup for appellant.

Adrian H. Terrell for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The principal question to be determined is: May a city of the second class, in this case the City of Paducah, be held liable to the contractor for that portion of an assessment for sewer improvement which exceeds the value of the property upon which it has been levied, and which assessment, to the extent of such excess, amounts to spoliation? The improvement under consideration was made under Section 3105, Carroll's Kentucky Statutes, as compiled in the 1930 Edition. The Act was amended in the year 1930; but, since the improvement and assessments were made previous to the amendment, the latter is not applicable. The Act in effect at the time of the improvement provides: "* * * in no event shall the city be liable for any part of the cost of such improvement."

The Act further recites: "The general council or board of commissioners may provide for the construction of sewers out of the general fund of the city."

In the original Act, passed in 1894, c. 100, no power was given the city to construct and pay the entire cost of sewers; but the city was authorized to contribute part of the payment of the cost out of the general fund. By the amendments of 1906, c. 129, and 1910, c. 53, the city was given full authority to construct sewers and pay for them out of the general fund; but the provision that the city could contribute part of the cost was not carried forward in the amendments.

The opinion in the case of Johnson et al. v. McKenna et al., 171 Ky. 389, 188 S. W. 480, 483, substantially answers the question presented; therein the Court said:

"Counsel for appellants also contend that the last sentence in the above, 'and in no event shall the city be liable for any part of the cost of such improvement,' is conclusive that the Legislature meant that the city

should not in any event assume any part of the cost of construction of the sewer. This construction, however, is contradicted by the provision that:

" 'The general council may provide for the construction of sewers out of the general fund of the city.'

"What the Legislature meant by the sentence referred to from the connection in which it is used is clearly that the city should not in any event be liable for any part of the cost of improvement that is assessed against and made a lien upon the abutting property. We therefore concur in the construction placed upon this statute by the chancellor * * *."

The construction referred to is in the following words:

" 'This contention (that the city cannot be held liable for the balance over a valid assessment) as to the intention of the Legislature would seem logical and sound, were it not for the fact that under the act of 1894 the power was not given the city to construct sewers and pay for them out of the general fund, but was only authorized to contribute to a part of the cost out of the general fund, while the amendments of 1906 and 1910 give full power to the city to construct sewers and pay for them out of the general fund, and thus having given the larger power of paying for their construction out of the general fund it was not deemed necessary to reiterate the language contained in the former act giving power to contribute toward or pay a part of the cost of construction out of the general fund, for the larger included the lesser grant of power.' "

Under this construction, which we think to be sound, the provision that "in no event shall the city be liable for any part of the cost of such improvement," in the light of the further provision granting to the general council the right to provide for the construction of sewers out of the general fund, has reference only to that part of the cost of the improvement which may be validly assessed against property owners. Appellant is not seeking to recover of the city any part of the cost of the construction of the sewer which validly has been assessed against the owners, and which, in consequence, constitutes a lien upon the property; it seeks to collect only that part of the cost of the improvement which exceeds the value of the property, and for which the

property legally cannot be placed in lien, under the rule recited in City of Louisville v. Benedict et al., 147 Ky. 391, 144 S. W. 43; and City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 1116, 24 Ky. Law Rep. 2263, 61 L. R. A. 434, which is: "No department of the government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown."

Nor can the city be exonerated from its liability by a provision in the contract between it and the contractor, whereby the latter agreed to accept the special assessment tax bills in full settlement of his claim. In Forbes et al. v. City of Ashland, 246 Ky. 669, 55 S. W. 2d 917, such a provision in a similar contract was held to be unenforcible, because it contravened sound principles of public policy. And so we hold, under the authorities above quoted, that the city in this case is liable to the contractor for so much of the assessment against property abutting a sewer improvement as amounts to spoliation, by exceeding the value of the property assessed.

But it is insisted that appellant, National Cast Iron Pipe Company, cannot recover of the city, because it is an assignee of the contractor, and, as such, did not become entitled to the claim against the city, but merely to that part of the assessment collectible from the property assessed. This contention is unsound. The improvement was made by E. J. Merkle, doing business as E. J. Merkle Construction Company; the city assigned certain tax bills to Merkle, in lieu of cash for that proportionate part of the contract. Merkle assigned the tax bills to appellant, who is now the holder thereof. Upon being made a party to the action, Merkle, by pleading, admitted he had assigned to appellant all his right, title, interest, and claim in and to the subject matter of the action, including the claim against the City of Paducah. The city cannot question the rights of appellant thus obtained.

The judgment is reversed, with directions that it be set aside and another entered in conformity with this opinion.

Whole Court sitting.