## City of Paducah v. National Cast Iron Pipe Co.

Sept. 25, 1945.

Adrian H. Terrell for appellant.

McMurry & Shoupe for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

The opinion on the first appeal is styled National Cast Iron Pipe Company v. City of Paducah, and is reported in 299 Ky. 434, 185 S. W. 2d 692. We there held the City of Paducah to be liable to the contractor for that part of sewer construction assessments which amounts to spoliation. On return of the case, the Chancellor entered judgment for the full amount of the assessment against the property. It is contended by appellant on this appeal that the City is liable for only so much of the assessment as exceeds the value of the property upon which the assessment was levied. Appellee contends that the City is liable for the whole of the assessment, upon the theory that it was void in its entirety when shown to exceed the value of the property.

In City of Louisville v. Benedict et al., 147 Ky. 391, 144 S. W. 43, 44, quoting from City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 24 Ky. Law Rep. 2263, 61 L. R. A. 434, the Court said: " 'But no department of the Government can take the property of the citizen for public purposes without just compensation, and when the entire property is taken to pay for a public improvement there is no room for a presumption as to the benefits received, but a case of spoliation is shown.' "

There can be no doubt that when the assessment is so large as to take the entire property to pay for it, spoliation occurs. On the other hand, there can be no doubt that all of the property benefited should bear as much of the assessment as the value of the property will permit. The improvement under consideration was made in accordance with the provisions of Section 3105, Carroll's Kentucky Statutes, previous to its amendment by the General Assembly in 1930. Previous to this amendment, the section was silent in respect to the point at which spoliation was considered to commence. The section, as amended, and now compiled in KRS 94.190, provides:

" * * * Any assessment for any sewer improvement as provided in this section * * * which exceeds one-half of the value of the lot or parcel of real estate upon which the assessment is made shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of the real estate, * * *."

Thus, the Legislature now has fixed the point at which spoliation commences, and has established the pub-

lic policy which we feel constrained to follow, even though the assessment was made previous to the Legislature's declaration on the subject. The Chancellor found the property under consideration to be of the value of $850. The judgment against the City should be credited with one-half of this amount.

If, as contended, the opinion on the first appeal seems to be inconsistent with this decision, the former opinion is not binding, because this question was not presented for consideration.

The judgment is reversed, with directions that it be set aside, and another be entered in conformity with this opinion.