CASE 51—ACTION BY J. D. REED AND OTHERS AGAINST W. H. BATES AND OTHERS ON APPORTIONMENT WARRANTS FOR STREET IMPROVEMENT.—APRIL 30.

## Reed and Others v. Bates and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 2,

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

MUNICIPAL CORPORATIONS— IMPROVEMENTS— ORDINANCE— STATUTE— AMENDMENT OF STATUTE—CONTRACT GOVERNING LAW.

Held: 1. Kentucky Statutes, 1899, section 465, provides that no new law shall be construed to repeal a former one as to any act done or right accrued. A city ordinance authorizing a street improvement did not provide a method for apportioning the cost, but merely provided that it should be done in the manner "fixed by the statute." Subsequently, but before a contract for the improvement was entered into, the statute in force at the time the ordinance was passed was amended so that the method of apportionment was changed in certain respects. The amendment did not indicate that it should act retrospectively. HELD, that the ordinance and the statute in force at the time of its passage fixed the manner of apportionment.

LANE & HARRISON, FOR APPELLANTS.
MATT O'DOHERTY, OF COUNSEL.

### PROPOSITIONS INVOLVED.

1. An ordinance of a city of the first class for the improvement by original construction of the carriage way of a street,

Reed and Others v. Bates and Others.

the territory contiguous to which, and on each side thereof is defined into squares by principal streets, is simply an authority to the board of public works to have the improvement therein provided for constructed. In all such cases the statute of the State selects the subject for taxation, in the particular case, to pay the cost of the improvement, prescribes the tax limits, the rate and the method of the assessment, and neither the general council or the board of public works have any discretion as to the property to be taxed, the persons to be charged, or the method of apportionment to be applied. Secs. 2833 and 2835 of the Kentucky Statutes; Broadway Baptist v. McAtee, 8 Bush, 516; Loeser v. Redd, 14 Bush, p. 21; Gleason v. Barnett, 20 Ky. Law Rep., 1694; Louisville v. Mehler, 23 Ky. Law Rep., 1335.

2. A municipal ordinance of a city of the first class which is in violation of or in conflict with any statute of the State, passed prior or subsequent to the adoption of such ordinance is void, and while any acts done, rights accrued, or claims arising under such ordinance while in force, are preserved as if such ordinance had not been repealed, yet such acts done, rights accrued, and claims arising under it, while in force, can not prolong the life or duration of the ordinance beyond its conflict with the statute of the State, so as to authorize any future action to be done or steps taken under it. Louisville v. Commonwealth, 2 Duvall, 297; March v. Commonwealth, 12 B. M., 29; Secs. 2742, 2751, and 2783, Kentucky Statutes; Harrodsburg v. Renfro, 22 Ky. Law Rep., 806; Wethington v. Owensboro, 21 Ky. Law Rep., 960; Figg v. Thompson, 20 Ky. Law Rep., 1322; Bitzer v. Thompson, 20 Ky. Law Rep., 1318; Bitzer v. Buckley, 23 Ky. Law Rep., 2420; Kniper v. Louisville, 7 Bush, 603; Marietta v. Leary, 4 Hammond, 427; Southport v. Ogden, 23 Conn., 133; Haywood v. McGuire, 12 Ga., 404; Beech on Public Corporations, sec. 81; Sedgwick on Constitutional & Statutory Construction, 401; Cooley on Constitutional Limitations, 198; Dillon on Municipal Corporations, secs. 249-251; Endlich on Interpretation of Statutes, sec. 486; Endlich on Interpretation of Statutes, sec. 289; Mack v. Gorgas, 180 Pa., 296; Keith v. City, 106 Pa., 575; Cooley Constitutional Limitations, 4th ed., p. 348.

W. W. & J. R. WATTS and WILLIAM FURLONG, for appellees.

POINTS AND AUTHORITIES.

1. Where a street contractor improved a street of the city of Louisville by original construction under an ordinance passed by the general council of the city of Louisville, approved June 6, 1898, and the advertisement for bids, the contract, the apportionment and apportionment warrants were all based upon said

Reed and Others v. Bates and Others.

ordinance, the law in force at the time of the approval of said ordinance, and not the law taking effect June 17, 1898, controlled and the said apportionment warrants are enforceable thereunder. Cincinnati v. Seasongood, 46 Ohio St., 296; Elliott on Streets, 2d ed., sec. 552; Broadway Baptist Chuch v. McAtee, 8 Bush, 514; Fehler v. Gosnell, 18 Ky. Law Rep., 241; Owensboro v. Sutton, 9 Ky. Law Rep., 57; Baker v. City of Lexington, 21 Ky. Law Rep., 809; sec. 465, Kentucky Statutes; secs. 2833-35, Kentucky Statutes, originally and as amended.

2. It is to be presumed that the passage of the ordinance to improve the street was not without reference to existing rights and liabilities. The ordinance must be presumed to have been passed in full view of the law as it then stood in regard to apportionments. It embodied the then scheme of the street improvement and in its adoption the general council could not have contemplated any improvement other than that then authorized by the statute. Cincinnati v. Seasongood, 46 Ohio St., 296; Elliott on Streets, 2d ed., sec. 552.

3. Said improvement having been made with the law in force, June 6, 1898, as a basis and no objection thereto by injunction or otherwise having been made by the property owners it is too late for the property owners to object in this suit on the ground that the apportionment warrants should have been issued under the new law instead of the old. Broadway Baptist Church v. McAtee 8 Bush 514; Fehler v. Gosnell 18 Ky. Law Rep. 241.

4. There is no common law liability against property holders to pay for municipal improvements in a city of the first class. Such liability is the creature of the statute in force at the time of the ordinance passed thereunder. Otherwise the city would be powerless to make the improvements. City of Louisville v. Tyler 23 Ky. Law Rep. 827; Secs. 2832-3-4-5 Kentucky Statutes.

5. Until the taking effect of the amendment of the act for the government of cities of the first class March 19, 1898, in the construction of streets in such cities the curbing was not to be treated as a part of the carriage way, but as a part of the sidewalk. Secs, 2833-35, Kentucky Statutes, original and as amended; Joyes v. Shadburn, 11 Ky. Law Rep., 892; Marshall v. Barber Asphalt Paving Company, 23 Ky. Law Rep., 197.

6. A city must improve its streets, or is liable for damages resulting from its failure to do so. The Legislature never intended the city to be liable for damages because of failure to keep up its streets, and to give the city no power to relieve itself of such liability, by making the improvements. Secs. 2832-3-4-5, Kentucky Statutes.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The only question involved here is as to whether or not the cost of the improvement of Zane street, between Fifth and Sixth streets, by original construction of the carriageway by grading, paving, and curbing the same, should be apportioned in accordance with section 2835, Kentucky Statutes, 1899, or under the act approved March 19, 1898 (Sess. Acts 1898, p. 120, c. 48), which went into effect June 19, 1898, and which act is amendatory of the act of which the section to which reference is made is a part. Under the law before the passage of the act of 1898, the cost of curbing in the improvement by original construction of the carriageway was to be charged only against the owners of lots in front of which the curbing was placed, except the owners of corner lots were chargeable with the cost of curbing their sidewalk intersections; and, if a corner lot had a 30-foot front, and extended back to the depth of the territory assessed, its owner was chargeable with 25 per cent. more than the owners of lots of the same size within the taxing district. By the amendment the cost of grading and curbing, when a part of the improvement by original construction of a carriageway, should be apportioned against the owners of lots in the quarter squares contiguous to the improvement, and according to the number of square feet owned by each. The owners of corner lots in quarter sections are not required to pay for the intersections and the 25 per cent. more than other lot owners. In other words, under the amendment the curbing constitutes part of the cost of the construction of the street, not of the sidewalk. The ordinance under which the improvement was made was passed June 6, 1898, and reads as follows: "That the carriageway of Zane street, from the west line of Fifth or Pope street, to the east line of

Sixth street, shall be thirty feet wide, and shall be improved by grading, curbing and paving with vitrified brick or block pavement, with corner stones at the intersections of the streets and alleys, and footway crossings across all intersections, streets and alleys, in accordance with the plans and specifications on file in the office of the board of public works. Said work shall be done at the cost of the owners of ground as provided by law, and all ordinances in conflict herewith be and the same are hereby repealed." It will be observed that it was passed after the enactment of the amendment, but before it took effect. So the section to which we have referred was in force when the ordinance was passed. The city did not enter into the contract for the improvement of the street until after the amendment took effect. The court below held that the apportionment should be made under the statute as it stood at the time the ordinance was adopted. For the appellant it is insisted that, as the contract was not made for the improvement until the amendment took effect, the cost should have been apportioned under the statute as amended.

The ordinance was passed with reference to the statute then in force. It did not provide how the cost of the improvement should be apportioned, but simply provided that it should be done in the manner fixed by the statute. It is not the province of the general council by ordinance or otherwise to further prescribe the method for apportioning the cost of the improvement. When it ordered the improvement, the statute prescribed the method of apportionment. The ordinance was the basis for the contract for the improvement, the execution of it, and the apportionment of the cost. The ordinance and statute then in force fixed the liability on the owners of lots fronting on the improve-

ment and the method of apportioning the cost of it. Whilst it might have been immaterial to the contractor as to which method was employed in the apportionment, because he would probably have received his money in any event, it, however, is a matter of great importance to some of the owners of lots chargeable with the cost of improvement to have the liability enforced only as fixed by law at the time the ordinance was passed. The exact question here was under consideration in Cincinnati v. Seasongood, 46 Ohio, 296, 21 N. E., 630. It was held in that case, as a municipal corporation, by its proper boards and officers, passed a resolution and ordinance, the assessment of the cost should be governed by the law in force at the time of their passage; that a subsequent change in the law could not affect the question of apportionment of the cost. The court took the view that the ordinance was passed with reference to existing rights and liabilities. In considering a similar question, Elliott on Roads & Streets, section 552, says: "Rights acquired in such a case by contract and by proper ordinance should not be impaired by subsequent legislation." There is no clause in the amendment indicating that the General Assembly intended the amendment should act retrospectively. It is urged that the General Assembly had the right to repeal the ordinance in question. It is a sufficient answer to say it manifested no purpose to do so. Besides, section 465, Ky. St., 1899, provides, that: "No new law shall be construed to repeal a former law . . . as to any act done . . . or any right accrued or any claim arising under former law." The passage of the ordinance was an act done, and when done the rights of the lot owners as to the cost of the improvement were fixed. Hence the rule for the construction of statutes pre-

scribed by the General Assembly shows that it was **not intended** to affect any rights which had been **fixed by ordinance** and statutes then in force.

The judgment is affirmed.

Petition for rehearing by appellant overruled.