CASE 68.—ACTION BY THE BARBER ASPHALT PAVING CO. AGAINST GEORGE HALLER TO ENFORCE AN APPORTIONMENT LIEN.—November 19.

## Haller v. Barber Asphalt Paving Co.

Appeal from Jefferson Circuit Court; Chancery Branch (First Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

1. Municipal Corporations—Street Improvements—Assessments—Land Subject to.—A lot widening from a 50-foot frontage to 175 feet at the rear, and lying within the quarter square, is wholly taxable for an abutting street improvement, and not merely the part lying between parallel lines extending back at right angles to the street 50 feet apart.
2. Municipal Corporations—Street Improvements—Assessments—Spoliation—Determination.—Whether a street improvement assessment amounts to spoliation depends, not upon the value of the lot alone, but upon the value of the lot and improvements thereon after construction of the street improvement; and, if the assessment of the improvement does not equal the value of the property to be taxed, it will be enforced.

BURNETT & BURNETT for appellant.

### POINTS DISCUSSED.

1. Spoliation.—"Where .taxation is so excessive as to render it doubtful whether the property to be benefited will suffice to pay the. assessment against it, they can no longer be deemed taxation. To enforce their collection would be the exercise of absolute and arbitrary power .over the property of the citizen, a power which, under our form of government, does not exist, even in the largest majority." (Broadway Baptist Church v. McAtee, 8 Bush 517.)

2. The test of the value of the lot liable to be assessed for the cost of the street should be limited to the part of the lot located within the tax district, and without regard to any improvement located on the lot, and without reference to the value of any other portion of the same lot owned by the same owner. (Pfaffinger v. Kremer, 115 Ky. 503.)

FURLONG, WOODBURY & FURLONG for appellee.

This court has in numerous cases laid down the rule with reference to the plea of spoliation, to the effect that it must be affirmatively established that the property, after the improvement, is not worth the amount apportioned against it.

The testimony clearly establishes the fact that this property is worth several times the amount of the apportionment, and has been materially enhanced in value by the construction of the street in controversy. (Otter v. Barber Ashphalt Paving Co., 29 Ky. Law Rep. 1157; Bullitt v. Salvage, 20 Ky. Law Rep. 599.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

The plaintiff, Barber Asphalt Paving Company, brought this action to enforce an apportionment lien, amounting to $688.16, against the property of the defendant, George Haller, for the improvement of Twenty-Sixth street from Dumesnil to Cane Run Road. Judgment was rendered in favor of plaintiff, and defendant appeals.

Appellant's lot lies on the northwest corner of the intersection of Twenty-Sixth street with Cane Run Road. It has a frontage of 50 feet on Twenty-Sixth

street, but widens until it reaches an alley, where its width is 175 feet. The southeast line of the property borders on the northwest line of Cane Run Road. The only defense made to the action was that the amount of the apportionment warrant was equal to or exceeded the value of the property, and to enforce the same would amount to spoliation. It is the contention of appellant that a portion of the lot does not lie within the taxing district, and, in determining whether or not the enforcement of the lien would amount to spoliation, the value of the lot alone is to be taken into consideration. There is nothing in the record showing that the rear end of the lot extends beyond the taxing district; but, even conceding that it does to the extent of some 7 or 8 feet, as claimed by appellant, we do not think this would materially affect the value of the lot. The lot itself lies on the corner and within the quarter square. We, therefore, conclude that the entire lot is within the taxing district, and not merely that portion of it lying between parallel lines, extending back at right angles to Twenty-Sixth street, and 50 feet apart.

Furthermore, the question of spoliation does not depend upon the value of the lot alone, but upon the value of the lot with the improvements thereon after the construction of the street, as required by ordinance. Appellant's testimony is to the effect that the lot, prior to the improvement, taken by itself, was not worth the amount of the apportionment warrant. For this purpose he had the witnesses testify to the value of the 50 feet extending back at right angles, and then the value of the triangle bordering on Cane Run Road; also to the value of the small strip, bordering on the alley, which it was contended was not embraced in the taxing district. Measured in

this way, the value of the lot was fixed by several witnesses at $500 or $600; but, as said before, this is not the proper way to determine the question of spoliation. It depends, not upon the value of the lot by itself, but upon the value of the property, including the improvements. Considered from this standpoint, appellant himself fixed the value of the property at $1,500; others placed it much in excess of that. The rule established in this State in regard to spoliation is that it is only where the cost of the improvement equals the value of the property sought to be taxed that the enforcement of the lien for the improvement amounts to spoliation. If the cost of the improvement does not equal the value of the property sought to be taxed, the courts will uphold the assessment, and enforce its collection. Otter v. Barber Asphalt Paving Company, 96 S. W. 862, 29 Ky. Law Rep. 1157.

As the value of the property after the improvement of the street is far in excess of the cost of such improvement, we are of the opinion that the circuit court properly held that the cost of the improvement did not amount to spoliation.

Judgment affirmed.