## City of Bardwell v. Tegethoff.

(Decided May 24, 1912.)

### Appeal from Carlisle Circuit Court.

1.   Street Improvement—Assessment For.—An assessment for a
     street improvement of $47.25 on a lot worth $100 is not spoliation
     and the property may be subjected.
2.   Ordinances—Publication—Validity.—In towns of the fifth class an
     ordinance published by being posted in three public places in the
     town is valid and in force.

JOHN E. KANE for appellant.

SHELBOURNE & SHELTON for appellee. ·

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The city of Bardwell brought this suit against Par-
thenia Tegethoff and her mother to enforce a lien for a
street improvement, amounting to $47.25, on a lot owned
by them, fronting 70 feet on the street, and running back
about 45 feet. The defendants filed an answer. Proof
was taken, and on final hearing, the circuit court dis-

missed the petition on the ground that the tax amounted to spoliation. The city appeals.

One witness says the lot is worth $150; another, $125; several, $100, and two, $50. The weight of the evidence, as well as the circumstances proved by the witnesses, show that the lot is worth at least $100. Under the rule, as we have repeatedly laid it down, it was not spoliation to subject it to a tax of $47.25 for improvement of the street. Louisville v. Bitzer, 115 Ky., 339; Haller v. Barber Asphalt Co., 130 Ky., 574.

Previous to June, 1910, the town council of Bardwell met at Ward's office on Elm street. On June 8, 1910, by an ordinance duly passed, the place of meeting of the council was changed to the office of the Lynch Mill & Lumber Co., on Front street. After the ordinance took effect, the council met there. While it was meeting there, it passed the ordinance under which the improvement in question was made. It is insisted that the ordinance is invalid, for the reason that the change of the meeting place of the council had not been legally made, in this: That the ordinance making the change was not published in a newspaper. Section 3638, Kentucky Statutes, among other things, provides:

"Every ordinance shall be signed by the mayor, attested by the clerk, and published at least once in a newspaper published in such city, or written or printed, and posted in at pleast three public places therein, and shall be in force from and after the publication thereof."

The statute authorizes the publication of an ordinance in two ways: Either by insertion in a newspaper, published in the city, or by its being posted in at least three public places therein. The ordinance in question was written and posted as required by the statute, and this being done, it was in force just as it would have been if published in a newspaper.

Judgment reversed and cause remanded for a judgment as above indicated.