## City of Bardwell v. Gardner

(Decided February 7, 1913.)

### Appeal from Carlisle Circuit Court.

Taxation—Spoliation.—The rule in regard to spoliation is, that it is only where the cost of the improvement equals the value of the property sought to be taxed, that the enforcement of the lien for the improvement amounts to spoliation. If the cost of the improvement does not equal the value of the property sought to be taxed, the court will uphold the assessment, and enforce its collection.

JOHN E. KANE, for appellant.

OPINION OF THE COURT BY JUDGE MILLER.—Reversing.

By an ordinance passed on July 1, 1910, appellant's city council required a concrete sidewalk and curbing to be constructed in front of the appellee's triangular shaped lot, which fronts 85 feet on the West side of Elm Street in Bardwell; and she having failed to obey the ordinance, appellant, in accordance with the provisions of the ordinance, caused the sidewalk to be made, and assessed the cost thereof, amounting to $52.31, against appellee's lot. Appellant paid the contractor, and by this suit asserted a lien against her said lot to secure the payment of said $52.31. Mrs. Gardner interposed three defenses: (1) she denied the validity of the ordinance; (2),

she asserted that the city council did not meet at its regular designated place for meeting at the time it passed said ordinance; and, (3), spoliation.

The circuit judge dismissed appellant's petition, and it appeals.

The first two defenses were presented and decided adversely to appellee's contention, in the twin case of City of Bardwell v. Tegethoff, 148 Ky., 545, where the validity of the ordinance now in question was sustained. In view of that decision, nothing further need be said upon the first two grounds of defense.

In Holler v. Barber Asphalt Paving Co., 130 Ky., 550, this court said:

"The rule established in this State in regard to spoliation is that it is only where the cost of the improvement equals the value of the property sought to be taxed that the enforcement of the lien for the improvement amounts to spoliation. If the cost of the improvement does not equal the value of the property sought to be taxed, the courts will uphold the assessment, and enforce its collection. Otter v. Barber Asphalt Paving Co., 96 S. W., 862, 29 Ky. L. R., 1157."

See, also, James v. City of Louisville, 19 Ky., L. R., 447, 40 S. W., 912; City of Louisville v. Bitzer, 115 Ky., 359, 364.

Applying this rule to the proof, we find three witnesses for appellant who say appellee's lot is worth $100.00; two other witnesses for appellant place its value at $75.00, while two others, testifying for appellee, say it is worth $50.00. The average valuation as shown by appellant's witnesses, is $90.00, while the average as shown by the testimony of all the witnesses is $78.55; and, when we take into consideration that both of appellee's witnesses value her lot at $50.00, which is only $2.31 less than the claim asserted, it is a reasonable conclusion that the lot is worth as much, if not more, than $52.31. A preponderance of the evidence shows it to be worth at least $75.00.

The lot is well located, being situated upon one of the best residence streets of the town, and immediately opposite the Methodist Church.

We are clearly of opinion that the proof does not sustain the defense of spoliation.

Judgment reversed, with instructions to enter a judgment in accordance with the prayer of the petition.