## L. W. Hancock Company v. City of Mt. Sterling, et al.

(Decided May 16, 1916.)

### Appeal from Montgomery Circuit Court.

1. Municipal Corporations—Streets—Improvement Assessment—Abutting Owners—When City Liable to Contractor.—When a city of the fourth class makes a contract for the improvement of its streets, the cost to be paid by the abutting owners, it will be liable to the contractor for the cost of such improvement as it had no authority to charge the abutting owners with the cost of, although in the contract with the contractor and in the bonds issued to him it was provided that the city should not be liable for the cost of the improvement.

2. Municipal Corporations—Improvement Assessment—When City Liable to Contractor—Accrual of Action.—When a city makes a contract for the improvement of its streets at the cost of the abutting owners, and it develops that it had no authority to charge the abutting owners with the cost of such improvement, the contractor may look to the city for the cost of the improvement and recover from it the amount thereof when the work has been accepted, although the improvement was made on the ten-year plan.

E. W. SENFF and ADRIAN C. HUMPHREY for appellant.

W. B. WHITE and R. A. CHILES for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The city of Mt. Sterling is a city of the fourth class, and by an ordinance the paving of certain streets of the city at the exclusive cost of the abutting owners was ordered. The contract for the construction of the improvement was made with the appellant, the L. W. Hancock Co., and after the work had been completed accord-

ing to the contract, it was accepted by the city. The improvement was made under what is known as the ten-year plan, and after the work had been accepted a cash payment was made and bonds were issued and delivered to the company for the balance due on the contract price.

The ground on which some of the public buildings owned and occupied by the county of Montgomery were situated abutted on the streets which had been improved, and the amount assessed against this abutting property was $561.02. But in view of the decision of this court in City of Mt. Sterling v. Montgomery County, 152 Ky. 637, holding that the county was not chargeable with any part of the cost of this improvement, the fiscal court refused to allow the claim for this $561.02 or any part of it. Thereupon this suit was brought by the Hancock Company against the city of Mt. Sterling to secure judgment for the sum due or to compel it to pay into the fund set apart for the payment of the bonds issued to the contractor the amount due by the county. A general demurrer interposed by the city was sustained, and the petition dismissed, and the Hancock Company appeals.

The ordinance making provision for the improvement stipulated that "bonds shall not be issued upon the faith and credit of the city of Mt. Sterling for the payment thereof, but the faith and credit of the city shall be pledged for the payment of the sum realized upon the apportionment against the property for the cost of the paving and curbing of said streets as in this ordinance provided, only after the same shall have been collected and paid to the Treasurer, as in this ordinance provided, and said bonds shall be payable and redeemable not on the faith and credit of the city but out of and secured by lien for the assessment to be made and apportioned against said lots and parts of lots or lands fronting upon said streets and parts of streets, intersections and crossings so herein ordered to be paved and curbed."

And the bonds issued by the city likewise contained a stipulation that "neither said sum or interest shall be payable or redeemable on the faith and credit of the said city, nor shall said principal sum or interest be deemed a debt against the city, but shall be payable out of and secured by a lien on the assessments to be made and apportioned by said city against said lots and parts of lots or lands abutting upon streets and parts of streets in said ordinance ordered to be paved and curbed."

Waiving some technical questions raised by the city, the argument of counsel in support of the ruling of the lower court, that the city was not liable for the amount due by the county of Montgomery, is that after the improvement was made, the city delivered the bonds containing the stipulation mentioned to the Hancock Company and it accepted them in full settlement of the balance due it. That in these bonds the city contracted against any liability except to the extent of such sums as it might or could collect on assessments against the property abutting the improvement, and as it could not collect anything from the county, the loss should fall on the contractor according to the terms of the ordinance and the condition in the bonds.

There would be much force in the argument of counsel that the stipulations in the ordinance and bonds exonerated the city from liability if the question were an open one in this State, but it is not. In City of Louisville v. Bitzer, 115 Ky. 359, the facts were these: The city council of Louisville by ordinance directed the improvement of certain streets and issued apportionment warrants, which were liens against the abutting property owners, to the contractor. The property owners refusing to pay the apportionment warrants, because of want of authority in the city to make the assessment the contractor brought suit to enforce his lien, and it was held that the property owners could not be required to pay the cost of the improvement. Thereupon the contractor sought judgment against the city for the amount of the warrants that he could not collect from the property owners. Section 2834 of the Kentucky Statutes, under which the improvement in that case was made, provides, among other things, that "and in no event, if such improvement be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement without the right to enforce it against the property receiving the benefit thereof." And the same provision in exactly the same words is found in section 3567, which is a part of the charter of fourth class cities.

In holding that the city of Louisville was liable to the contractor for so much of the assessment against the property owners as could not be collected for the reasons set out in the opinion, the court said: "It is settled, however, that this statute does not apply to cases in which the city has no power to make the improvement at the cost of

the owners of adjacent property, and that where the city has complete authority to contract for the work, but no authority to make a charge on the abutting property, it is liable to the contractor for the price of his work.''

In that case the argument was made for the city that as the contract under which the improvement work was done stipulated that ''it is further agreed by the contractor that for the contract price or cost of all work mentioned above or required to be done by him under any of the provisions of this contract, he will look alone to the lot owners of the property described in the ordinance aforesaid, and that in no event shall he be entitled to recover any part thereof from the city of Louisville,'' the contractor was bound by his contract, and having agreed not to look to the city, he could not recover against it. But the court rejected this view and held the city liable to the contractor. And the ruling in the Bitzer case has been many times approved.

It seems to us that there is no good reason for saying that the rule announced in the Bitzer case should not apply to and control this case. Bitzer agreed that he would not hold the city liable and so did the L. W. Hancock Company enter into a like agreement but the bond containing this stipulation that was accepted by the Hancock Company is of no more dignity or force than the contract entered into by Bitzer.

It is further urged that as the work was done under the ten-year plan, the city had the right to pay this amount in ten equal annual installments, and as there were only three of these installments, or $168, due at the time the suit was brought, the Hancock Company should not in any event recover at this time exceeding this amount from the city.

This argument, however, overlooks the fact that the ten-year bond feature of the contract has no application to this controversy between the contractor and the city. When the work was accepted by the city and the abutting property owner could not be required to pay the cost of the improvement, the city at once became liable to the contractor for the amount that could not be charged to or collected from the abutting owner; and so the contractor in a case like this has a right, when the work has been accepted and the city refuses to pay the claim for which the abutting owner is not liable, to proceed at once against the city to enforce its collection.

Wherefore, the judgment is reversed with directions to give a judgment against the city for $561.02, with interest from September 3, 1912, until paid, and the costs.