## Davis, et al. v. McDonald.

(Decided November 13, 1923.)

### Appeal from Bell Circuit Court.

1.  Municipal Corporations—Street Improvement Statute Held to Repeal Prior Statute as to Excluding Improvements in Fixing Value.—Acts 1916, c. 113, making street improvement assessment in excess of one-half of the value of the "lots or parcels of real estate upon which the assessment is made" void as to such excess without excluding, in the valuation thereof, the buildings and other improvements thereon, held to repeal Ky. Stats., section 3578, prohibiting a city of the fourth class from charging "the ground or the owner thereof on account of" street improvements with more than one-half of the value, "excluding the value of the buildings and other improvements," in so far as it excludes the value of the buildings and improvements in fixing the value of the property.

2.  Municipal Corporations—Value for Street Improvement Where Tract Consists of Lots Facing on Different Streets.—Where owner of five lots, some abutting on one street and some on another, treated the five lots as one tract, the lots abutting on one street should be treated as one unit and the lots abutting on the other street as another unit, in fixing the value of the land abutting on the streets for the purpose of determining whether the street improvement exceeds 50 per cent. of the value thereof in violation of Acts 1916, c. 113.

3.  Municipal Corporations—Abutting Property Alone Liable for Improvement Liens.—Abutting property only is liable for street improvement liens.

4.  Municipal Corporations—Consideration Paid for Land Not Conclusive as to Value for Improvement Assessments.—Consideration paid by purchaser after street improvement was made and before the liens were paid was not conclusive as to the value of the property in ascertaining whether the street improvement assessment exceeded one-half of the value of the lots in violation of Acts 1916, c. 113, but was only a circumstance to be considered with other evidence.

5.  Municipal Corporations—Statute Adding Penalty to Improvement Tax Not Unconstitutional.—Statute adding 10 per cent. penalty to amount of street improvement tax, if not paid within 30 days after it became due, held not unconstitutional.

6.  Municipal Corporations—Portion of Improvement Tax Not Paid Subject to Penalty.—That portion of street improvement tax not paid within 30 days after it became due was subject to 10 per cent. penalty, though the greater portion of the tax was paid before it became due.

N. R. PATTERSON and W. J. STONE for appellants.

W. T. DAVIS for appellee.

Opinion of the Court by Judge Clay—Affirming on cross appeal and reversing on original appeal.

R. W. Davis & Company, the contractors, and the city of Pineville brought this suit against J. H. McDonald to enforce a street improvement lien on certain lots owned by him. It is conceded that all the proceedings of the city council were regular, and that the work was satisfactorily performed and accepted by the city, but certain questions were raised and decided in a judgment from which the contractors and city have appealed and the property owner has prosecuted a cross appeal.

(1) The first ruling was that in fixing the value of an abutting lot or parcel of real estate for the purpose of determining whether a street improvement exceeds 50% of the value thereof, not only the lot and street improvement, but the improvements on the property in the way of buildings and other structures should be considered. Prior to 1916 the statute was as follows:

"That no city of the fourth class shall, by virtue of any authority it has to improve its streets or other public ways at the cost of the owners of ground fronting or abutting thereon, have authority to charge the ground or the owner thereof on account of such improvements with more than one-half the value of such ground after the improvement is made, excluding the value of buildings and other improvements upon the property so improved." Section 3578, Kentucky Statutes.

In the year 1916, the legislature adopted a comprehensive scheme for street improvements in cities of the fourth class, chapter 113, Acts 1916, and provided as follows:

"Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of real estate upon which the assessment is made shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of such real estate, and the board of council shall provide for the payment of any such excess out of the general fund."

On the one hand appellants contend that the legislature, by changing the language of the former statute, plainly intended a change in the law, while appellee insists, on the other hand, that the legislature merely intended to return to the general rule which was that improvements on the property should not be considered.

The difficulty with the latter contention is that the whole matter is one of statutory regulation and construction, and it cannot be said that there is any general rule on the subject. On the other hand, the changes in the law were quite significant. The former statute not only used the word "ground," which ordinarily is a word of limited meaning, but added the words, "excluding the value of buildings and other improvements from the property so improved," while the latter act not only substituted the words, "lots or parcels of real estate," in place of the word "ground," but omitted entirely the words, "excluding the value of buildings and other improvements from the property so improved." Such pronounced changes in the statute cannot be attributed to oversight or mistake, but must be regarded as a clear indication of a legislative purpose to change the law so as to include the improvements in fixing the value of the property.

(2)   The court also ruled that in fixing the value of abutting lots or parcels of real estate for the purpose of determining whether the street improvement exceeds 50% of the value thereof, the court should treat each lot, where same has been platted on the plat of the city, as a separate entity, except where buildings and improvements occupy more than one lot, and should not treat all of a group of lots as one lot. The correctness of this ruling is challenged by appellants. When the improvements were made appellee owned lots 2 to 7, inclusive.

His house was located on lots 5 and 6. The other lots were used for garden, yard and orchard purposes. Lots 2 to 6, inclusive, and twenty feet of lot 7 were in one enclosure. It is the insistence of appellants that as appellee disregarded the platted lines, and treated the foregoing property as one lot or parcel of real estate, the property should be valued as a whole for the purpose of determining whether the improvement exceeds 50% of its value. The difficulty of this contention grows out of the fact that lot 2 and a portion of lot 3 abut on Mountain View avenue, while the remainder of the property abuts on Kentucky avenue. As only abutting property is liable for improvement liens in this state, we know of no rule of law by which the property abutting on one street may be considered in determining the value of property abutting on another street, even though both streets be improved at the same time. Inasmuch, however, as appellee has disregarded the platted lines and treated the several lots

in question as one tract, we conclude that the only proper method of valuing the property for the purpose under consideration is to treat all that portion of the home place abutting on Kentucky avenue as one unit, and all the remaining portion abutting on Mountain avenue as another unit. Smith v. City of Des Moines, 106 Ia. 590. As the chancellor treated only lots 5 and 6, on which appellee's residence is located, as one unit, and all the other lots as separate units, it follows that his ruling was not correct.

(3) It appears that after the improvement was made, appellee purchased certain lots for a stated consideration and agreed to pay the improvement liens. In determining the value of the lots for the purpose in hand, the court held that appellee was not bound by the consideration stated in the deed or obligated to pay for street improvements more than one-half of the value of the lots. In view of the conflict in the evidence as to the value of the lots, appellants insist that the court should treat the consideration in the deed as their true value. As it often happens that a purchaser buys property for more than it is worth in order to reap some advantage, or avoid some disadvantage, peculiar to him, the price paid cannot be regarded as conclusive evidence of the actual value of the property, but only as a circumstance to be considered with the other evidence for the purpose of determining its value.

(4) A further ruling was to the effect that so much of the statute as provided that, if the improvement tax was not paid within thirty days after it became due, a ten per cent penalty should be added to the amount of the tax was unconstitutional and void. Upon what ground this ruling was based does not appear. Penalties for the non-payment when due of other taxes have always been upheld, and we see no reason for making any distinction in the case of a street improvement tax. It cannot be doubted that prompt payment is as essential in one case as in the other, and that the imposition of a penalty will not only hasten payment, but will operate as an inducement to lower bidding. As the penalty is for default in making payment when required, and may be avoided by discharging the obligation within the time allowed, we are unable to say that its imposition is in conflict with any provision of the federal or state Constitution.

But it is insisted that the penalty should not be enforced in this case because the greater portion of the tax

was paid before it was due. That, however, is no excuse for not paying the balance within the time required by the statute, and no great hardship will result, as the penalty will be collected only on the balance due.

Wherefore the judgment is affirmed on the cross appeal and reversal on the original appeal for proceedings consistent with this opinion.