## City of Paducah v. Yancey, et al.

(Decided November 21, 1924.)

### Appeal from McCracken Circuit Court.

1. **Municipal Corporations—Expense of Sidewalks 15 Years Before to be Considered in Determining Maximum Amount Assessable for Pavement.**—Under Ky. Stats., section 3096, court, in determin-

ing maximum amount assessable against lots for paving, properly deducted from 50 per cent. of value of lots expense of sidewalks erected and assessed 15 years previously.

2. Municipal Corporations—In Determining Maximum Amount of Paving Assessment, Court Properly Determined Value of Lot upon Oral Testimony.—In determining maximum amount assessable against lot for pavement, under Ky. Stats., section 3096, court properly arrived at present value upon oral testimony, without ordering sale to determine value.

ROSCOE REED for appellant.

F. E. GRAVES for appellees Yancey and Johnson.

BRADSHAW & MacDONALD for appellees Bradshaw.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellees Bradshaws own a lot fronting Broadway street in the city of Paducah. In 1921, the city paved the roadway in front and upon either side of their lot, and apportioned the cost thereof among the abutting property owners. The cost of this construction was $4.7624 per abutting foot, and the amount thus assessed against the Bradshaws was $1,586.47. In this action against them to enforce the improvement lien, they proved and the court found the market value of their lot, after the improvement had been made, to be $9.75 a front foot.

Section 3096 of the statutes, which authorizes the improvement and assessment of the cost against abutting property owners, provides in part:

"Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lot or parcel of real estate upon which the assessment is made shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of real estate, and the general council or city commissioners shall provide for the payment of any such excess out of the general fund."

Under this same section the city in 1907-8 graded the streets and built concrete sidewalks at the expense of the abutting property owners, and the amounts so assessed against and paid by the Bradshaws for this lot amounted to $1.90 a front foot, and the court held that these amounts should be deducted from one-half of the present value of the lot, to determine the maximum

amount assessable against same for the present improvement, which resulted in reducing the assessment against the Bradshaw lot to $888.03, which they paid.

The first complaint of the city upon this appeal is, that in including prior assessments the court erred.

In City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709, we held that the total of all street improvements authorized by this section, including sidewalk, gutter and roadway improvements, could not exceed one-half of the value of the property, and it evidently was upon authority of that case that the trial court decided this one. The only difference in the facts of the two cases is the interval of time that intervened between the several street improvements. In that case there was an interim of but a few months, while here 15 years elapsed between the first and the last of the street improvements authorized by and made under section 3096.

It is solely because of this difference in the facts that counsel for appellant insists upon a different construction of the statute in this case. That such difference in the facts does not furnish a distinguishing point seems to us too clear for argument. Before the enactment of section 3096, this court had held that assessments for street improvements would be invalid if confiscatory, and the legislature fixed the limit of such assessments at 50 per cent of the market value, which we have held to be valid and not confiscatory.

If, as contended by counsel for appellant, the city could assess against a piece of property fifty per cent of its value for sidewalks, and then another fifty per cent for gutters, and still another fifty per cent for roadway improvements, by simply allowing a year or two to elapse between these several partial improvements of the street, the assessments for the entire improvement would be just as confiscatory and therefore invalid, as if all of these several partial improvements had been made at one time and one assessment of 150 per cent of its value levied against the lot. Under such a construction, the only limitation imposed upon the city by the statute would be that it could not confiscate property at one bite but must do so piecemeal.

The mere statement of the consequences of such a construction is sufficient to forbid its adoption, and it is quite clear that precisely the same principles are involved here as in the Sullivan case, *supra,* and that the

court did not err in applying same to the facts of this case.

The only other complaint of the judgment is, that the court erred in determining the present value of the lot for street assessment purposes upon oral testimony of its value, and in not ordering a sale to determine its value. No authority whatever is offered in support of this novel contention, and its lack of merit seems too apparent to require argument to refute it.

In the Sullivan case, *supra,* as in Morton v. Sullivan, 96 S. W. 807, and City of Louisville v. Benedict, 147 Ky. 391, 144 S. W. 43, the court heard proof and determined the value of the property just as did the court here, and for the same purpose, which so far as we know is always the proper method of determining any issuable fact.

Wherefore, the judgment is affirmed.