## City of Princeton v. Baker.

### (Decided June 22, 1928.)

### Appeal from Caldwell Circuit Court.

1. Municipal Corporations.—Street improvements and contracts therefor must be in accordance with statutory requirements.

2. Municipal Corporations.—City which has not complied with statute in apportioning cost of street improvement against abutting owners may be enjoined by any aggrieved owner from proceeding with the work.

3. Municipal Corporations.—City which has done no work and has let no contract for street improvement under ordinance, in accordance with Ky. Stats., sec. 3563, can change the plan of apportion-

ment of cost of construction against abutting owners by a subsequent ordinance.

C. A. PEPPER for appellant.

R. W. LISANBY, JOHN W. BLUE, JR., and JOHN MOORE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In 1922, the appellant, city of Princeton, pursuant to the authority vested in it by section 3563 of the Kentucky Statutes, adopted an ordinance governing the apportionment of the cost of the original construction of such streets as might thereafter be made. That ordinance by section 1 provided that for a period of 10 years after its adoption all original street construction in the city should be paid for by the abutting property owners on each side of the street, paying one-fourth of the cost and the city the remaining half. In 1928 the city adopted an ordinance providing for the original construction of a number of streets therein set out, and providing that the cost of construction of these streets, save the intersections, should be borne entirely by the abutting property owners. The appellee, an abutting owner on one of the streets proposed to be constructed by this ordinance, thereupon brought this action to enjoin the city from proceeding under the ordinance, or at all events from apportioning the cost of the construction other than as provided in the 1922 ordinance. On final hearing the court adjudged that the city could not apportion the cost of the construction of the streets set out in the 1928 ordinance other than as is provided in the 1922 ordinance, and from that judgment the city has appealed.

Section 3563 of the Statutes provides that the board of council of any city of the fourth class (of which the appellant is one) may provide by general ordinance that such city shall pay part, and, if so, what part of the cost of the improvement of streets, and that, when such provision is made, it shall be uniform, and shall thereafter apply to the improvements of all streets in the city, and may not thereafter be changed or repealed, except at intervals of 10 years or more. In the case of Board of Councilmen of the City of Frankfort v. Morris, 200 Ky. 59, 252 S. W. 142, in construing the provision in section 3450 of the Statutes applicable to cities of the third class

forbidding a change of plan of apportionment of street costs once adopted for 10 years thereafter, we held, that, although an ordinance providing for a general plan of the apportionment of the cost of construction of streets has been adopted, yet it may be changed or repealed at any time until acted upon in some way by working or accepting a contract for work thereunder. By the pleadings and an agreed statement of facts in this case, it is stipulated that, since the ordinance of 1922 was adopted, no contract for the improvement of any street in the city has been let in accordance with the statutory requirements governing the improvement of streets, but the city has, without the adoption of any ordinance, any advertisement for bids, any letting of any contract, or compliance with any of the other statutory requirements governing such matters, bought material and employed laborers in the construction of certain streets in the city, and has apportioned the cost of such work against the abutting property owners pursuant to the plan laid down in the 1922 ordinance, which apportionment has all been paid by the property owners involved, except a few, who, having elected to pay on the 10-year bond plan, are yet paying the installments as they fall due. It is insisted by the appellee that the improvement of these streets in the manner indicated fixed the rights of property owners in the town under the 1922 ordinance, whereas the city contends that, as this work was not done in accordance with law, nothing became fixed under the 1922 ordinance, and that, under the Morris case, supra, the city had a right to change the plan of apportionment as it undertook to do by the 1928 ordinance.

We are of the opinion that, in order to fix any rights growing out of the adoption of a general ordinance providing for the apportionment of the cost of the construction of streets, the city must do work or let contracts under such circumstances as would entitle it to apportion the cost against the abutting property owner whether the latter was willing to pay it or not. This, of course, means that the work done or contracts let must be in accordance with the statutory requirements governing the same. Without the compliance with such statutory requirements, no apportionment could be made against the abutting property owner, see Wait v. Southern Oil & Tar Co., 209 Ky. 682, 273 S. W. 473, and any payment made by him would be purely voluntary on his part. In order for the general ordinance providing for

the apportionment of costs to become fixed, the city must be in the position of enforcing it, and this it cannot do, unless it has done work or let contracts under such circumstances as gives it the right to put into effect the provisions of the apportionment ordinance. Without such right, the city could be enjoined by any aggrieved property owner from going ahead with the work or contract. That the city was not so enjoined does not alter the resulting situation. The payment of the apportionment by the property owner was voluntary, and not by virtue of the apportionment ordinance. Until the apportionment ordinance operates proprio vigore, it is as if it never were. It cannot operate as such until the city has the right to levy the apportionment provided for by it, and the city has no such right until it has done work or let contracts in compliance with the statutory requirements governing the same. In the city of Shelbyville v. Hall, 210 Ky. 830, 276 S. W. 987, we held that the adoption of an illegal plan of apportionment did not constitute the adoption of any plan. So even a legal plan, once adopted, does not become fixed until legally carried into operation. Since, by the agreed statement of facts, no work has been done or contract let by the appellant under the 1922 ordinance in accordance with the requirements of the Statutes necessary to be complied with before the city could put an apportionment against the abutting property in invitum, it results that no rights have become fixed under that 1922 ordinance, and that, under the Morris case, supra, the appellant had the right by the 1928 ordinance to change the plan of apportionment provided for by the 1922 ordinance. The judgment of the lower court is therefore reversed, with instructions to dismiss the petition of the appellee.

Whole court sitting.