## City of Henderson v. Andrews Asphalt Paving Company et al.

(Decided October 23, 1928.)

B. S. MORRIS, YEAMAN, PENTECOST & YEAMAN and HENSON & TAYLOR for appellant.

VANCE & HEILBRONNER and JOHN C. WORSHAM for appellees.

Opinion of the Court by Judge Willis—Reversing.

This appeal involves the determination of legal liability for a street paving assessment. Henderson, a city of the third class, by appropriate proceedings under sections 3450-3459, Kentucky Statutes, ordered the original construction of Second street extended with "Warrenite bitulithic" pavement. The contract was awarded to the Andrews Asphalt Paving Company, under which the work was performed and accepted by the city. The cost of the improvement was apportioned by the front foot among the owners of the abutting property, and an assessment made accordingly. The Kleymeyer-Klutey Brick & Tile Works owned ground abutting 1,315 feet on the north side of the street improved, which was assessed in the sum of $4,642.48 to pay for the paving. A controversy arose between the city and the Kleymeyer-Klutey Brick & Tile Works as to the value of the abutting land. The landowner insisted that the assessment exceeded 50 per cent. of its value, whilst the city disputed that claim. The contractor instituted this action against the city and the abutting owner to collect the amount admittedly due it. The parties presented their respective claims by pleading and proof, and the circuit court adjudged that the contractor was entitled to recover the sum of $325 on the assessment from Kleymeyer-Klutey Brick & Tile Works, in addition to an amount it had voluntarily paid and held the city liable for the sum of $2,867.48, which was found to be the portion of the particular assessment in excess of 50 per cent. of the value of the abutting land. The city of Henderson appeals.

The statute under which the work was done provides that:

The improvement "shall be made at the exclusive cost of the owners of real estate abutting on such improvement, to be apportioned among and assessed upon the lots or parcels of real estate abutting on such improvement according to the number of front or abutting feet, and a tax shall be levied upon such lots or parcels of real estate for the payment of the cost assessed thereon, . . . and no property shall be exempt from such improvement tax. . . . Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of

real estate upon which the assessment is made shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of such real estate, and the common council or said board of commissioners shall provide for the payment of any such excess out of the general fund.'' Section 3450, Ky. Stats.

The property of the Kleymeyer-Klutey Brick & Tile Works abuts on the improved street 1,315 feet and extends back the same width to the outside city limits, containing probably 40 acres of land. It is an entire boundary not intercepted by streets or otherwise, and is regarded as farm land. The owner denied the right of the city to assess for the payment of the cost of paving any part of it beyond a depth of 200 feet. The circuit court adjudged the assessment lien to extend on the whole frontage to a depth of 300 feet, of which the owner is not complaining. But the city insists upon its right under the statute to asses the improvement tax upon the entire parcel of land. It will be observed that the statute does not define the depth to which the lien extends, but requires the cost of the paving to be apportioned by the front foot and assessed against the abutting lots or parcels of land. The ordinance ordering the improvement did not define the depth of lots not already defined, and we are without legislative action on the subject. The property to be assessed for a street improvement tax is, within constitutional limitations, exclusively a legislative question. Loesser v. Redd, 14 Bush, 18.

In cities of the class to which Henderson belongs the Legislature has provided that the assessment shall be measured by the front foot, and no depth of unplatted abutting land has been delimited. We have held in Davis v. McDonald, 200 Ky. 828, 255 S. W. 833, that a single property abutting on two parallel streets could be assessed for improvement on each street only to the center line between the two streets. The reason is that a lot or parcel of land is assessable only for the improvement of a street upon which it abuts, and if the lien should be assessed upon land beyond the middle of the lot, it would fall upon property abutting upon another street. The legislative act was construed, therefore, to apply only to the portion of the land abutting upon the improved street which did not abut upon another parallel street.

In the case of Pursiful v. City of Harlan, 222 Ky. 658, 1 S. W. (2d) 1043, we held that where adjoining lots had been consolidated into a single ownership and treated as a unit it was liable as an entirety for a street assessment, although only one of the combined lots fronted on the improved street. It is clear that where division lines have been disregarded, or where there are none, the entire abutting parcel must be assessed to pay for the improvement. But where another parallel street intervenes, as in Davis v. McDonald, supra, or where the city boundary line intercepts, as in City of Ashland v. Meade, 189 Ky. 100, 224 S. W. 642, the power to assess a tax lien for street paving ends and the operation of the statute must be limited to coincide with the power to enact it.

The proof in this case indicates that the abutting land of the Klemeyer-Klutey Brick & Tile Works is worth more than twice the assessment against it for the improvement of Second street extended, and the court erred in confining the valuation of the land for the purpose in hand to a depth of only 300 feet.

It is said that this construction of the statute may result in confiscation of the property by additional assessments when new streets are opened through the land now bearing the entire assessment for its frontage on Second street extended. But when new streets are opened and improved the assessments therefor may not exceed one-half of the value of the abutting land, and the present assessment must be taken into account at that time in determining the question of excessive assessment. City of Paducah v. Yancey, 205 Ky. 673, 266 S. W. 346.

It is further insisted that the city is bound by an appraisement of the abutting lots made by two qualified persons selected for that purpose by the city and the abutting owner. The trouble with the contention is that the parties so chosen did not value the abutting property as a whole, but only a portion thereof to a depth of 200 feet from the front. The city is not bound by a valuation of a part of the land that did not correspond to its agreement. It was entitled to have the whole abutting parcel appraised for the purpose of fixing the amount of the assessment collectable under the statute, and the failure of the appraisers to perform their work in ac-

cordance with the agreement rendered the appraisement futile for any purpose.

The city does not deny its liability to the contractor for any deficit in the assessments occasioned by the cost of the work exceeding one-half the value of the abutting land. Section 3450, Ky. Stats.; Terrell v. Paducah, 122 Ky. 337, 92 S. W. 310, 28 Ky. Law Rep. 1237, 5 L. R. A. (N. S.) 289; City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 24 Ky. Law Rep. 2263, 61 L. R. A. 434; Hancock v. Mt. Sterling, 170 Ky. 209, 185 S. W. 856; City of Covington v. Sullivan, 172 Ky. 538, 189 S. W. 709.

But until the lots or parcels of land abutting on the pavement have been assessed to an extent not exceeding one-half their value, there is no deficit upon which to predicate the liability of the city. In this case the entire assessment should have been enforced against the abutting property, which left nothing to be adudged against the city.

The judgment is reversed for a decree in accordance with this opinion.