## Thompson et al. v. City of Williamsburg.

(Decided April 23, 1929.)

82

STEPHENS & STEELY for appellants.

J. B. JOHNSON, City Attorney, for City of Williamsburg.

TYE, SILER, GILLIS & SILER for W. G. Congleton & Co.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Several legal problems respecting street-paving assessments are presented by this record. One is whether the law in force when an ordinance ordering the improvement of a street is passed controls the method and measures the extent of apportioning the assessments against the abutting property to the exclusion of an act taking effect after the improvement is completed, but before the apportionment ordinance is enacted. Another is whether a lot abutting upon an improved street in

cities of the fifth class is alone subject to the lien for the cost of the improvement, or whether such lien includes the buildings and other improvements that may be on the lot. Still another is whether a contribution made by a prior owner of the lot toward the cost of construction of one street abutting thereon inures to the benefit of a subsequent owner, and must be taken into consideration in determining the extent an assessment may be allowed for a later improvement on another abutting street. Some incidental questions will be noticed in the course of the opinion.

The questions arise in this way: Williamsburg is a city of the fifth class. An ordinance enacted March 12, 1928, directed the improvement by original construction of South School street, upon which street abutted a lot jointly owned by Mary Thompson and Nell Fritts. The General Assembly, at its 1928 session, enacted chapter 93 and chapter 98, relating to street improvements in fifth-class cities. Neither act contained an emergency clause, and neither became effective until June 16, 1928. On April 25, 1928, the city council amended the Ordinance of March 12, 1928, by providing that the assessment against abutting lots for improvement to be made thereunder should be assessed and apportioned in accordance with the act of 1928, which would be effective at the time the assessments should be made. The contract was then awarded and the improvement made, for the cost of which the apportionment ordinance was passed August 20, 1928. A controversy ensued, and the lot owner instituted this action for a binding declaration of rights as to the legal method of apportionment in the circumstances, for a final valuation of the lot as a basis for determining the assessment, the extent to which the lot was liable, and whether they were entitled to include in settling the question of spoliation, a sum of $262.88, which had been paid by a former owner of the lot toward the improvement of another street on which the lot abutted. The lower court decided that the Acts of 1928, which were effective when the apportionment was made, governed the apportionment, and that a proper construction thereof rendered the lot, together with the improvements thereon, liable for its part of the cost, and that the previous payment did not enter into the calculation of the amount of assessment the lot could legally bear. The lot and the improvements were valued at $2,000, and the assessment was fixed at $1,000. The total assessment

against the lot made by the ordinance was $1,112.90, but the court reduced it to $1,000, and adjudged the costs against the lot owners. The lot owners appeal.

■ The power to improve streets by special assessment against the abutting land is purely statutory. The municipality is without authority to improve streets in such manner, except in so far as it may be authorized so to do by state law. In improving the streets and assessing the cost according to the benefits, a city acts as a mere agency of the state. Cohen v. City of Henderson, 182 Ky. 658, 207 S. W. 4; French v. Paving Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Parsons v. District of Columbia, 170 U. S. 52, 18 S. Ct. 521, 42 L. Ed. 943.

By the charter of cities of the fifth class, as it stood in March and April, 1928, when the ordinances directed the improvement to be made, such towns were authorized to improve streets and assess the entire cost of construction against the abutting lots equally by the front foot; but the amount of assessment which could be made against any lot was so limited that the local assessments could not exceed 50 per centum of the value of the ground after such improvement had been made, excluding the value of the buildings and other improvements on the property so improved. Section 3643-1, Ky. Stats. It is contended that the acts passed in 1928 altered the rule and permitted assessments to be levied up to 50 per cent. of the value of the property including the improvements thereon. See Acts of 1928, c. 93, p. 354; chapter 98, p. 370; Davis v. McDonald, 200 Ky. 828, 255 S. W. 833. But under our view of the law the original statute controls the case, and we are relieved of the necessity of construing the Amendatory Act of 1928. The city may not act in anticipation of a power which it will possess at a later date. It may act only upon the power reposed in it at the time the action is taken. The validity of its action must rest upon existing law. We have held that assessments for a street improvement made pursuant to an ordinance passed on a particular date must be governed by the law in force on that date, although the assessment may be made later. Reed v. Bates, 115 Ky. 437, 74 S. W. 234, 24 Ky. Law Rep. 2312. This is necessarily true in cities of the fifth class where the lien dates from the passage of the ordinance ordering the improvement. Section 3643-1, Ky. Stats. The lien is created when the ordinance ordering the paving

is passed, and the passage of the apportionment ordinance after the improvement is made merely carries out the plan and fixes the amount of the payment. City of Princeton v. Baker, 225 Ky. 219, 7 S. W. (2d) 1042. It is apparent, therefore, that the lien of the city is limited to the lot of the appellants, and the value of the buildings or other improvements must be excluded in ascertaining the value of the lot subject to the lien. The law is thus settled by our decision and is in accord with the weight of authority. 44 C. J. p. 657, sec. 3105; Cincinnati v. Seasongood, 46 Ohio St. 296, 21 N. E. 630; Houston v. McKenna, 22 Cal. 550. The decision of the Minnesota Supreme Court apparently to the contrary was by a divided court, and the facts and statute there involved were materially variant. Minnesota Transfer Ry. Co. v. City of St. Paul, 165 Minn. 8, 205 N. W. 609, 207 N. W. 320. Cf. Hoerth v. City of Sturgis, 221 Ky. 835, 299 S. W. 1074.

■ Appellants insist that they were entitled to the benefit of a payment of $262.88 made by a predecessor in title toward the improvement of Main street, in determining the extent to which the lot is assessable. It appears from the record that Main street was not improved by the city under the statute in question. It was improved by the state highway commission; the federal government, the state of Kentucky, the city of Williamsburg, and the abutting property owners all contributing to pay the cost. Since such a contribution to obtain an improvement would not, in any event, come within the principle announced in City of Henderson v. Andrews Asphalt Paving Co., 227 Ky. 289, 12 S. W. (2d) 863, and City of Paducah v. Yancey, 205 Ky. 673, 266 S. W. 346, we need not intimate an opinion concerning the application of that doctrine under the charters of fifth-class cities, or the facts of the present case.

■ The court adopted the advisory verdict of a jury that the value of the property, including the improvements, was $2,000. The evidence upon the question of value is contradictory. The appellants offered seven witnesses in addition to themselves. The estimates of value of the lot alone ranged from $500 to $700; the greater number placing it at $600. On the other hand, the witnesses for the city placed the value at figures varying from $1,000 to $1,700; several of them agreeing upon $1,500. The question of value is not always an easy one to determine. It necessarily rests upon the apprecia-

tion or estimate of those acquainted with the subject-matter of the inquiry. All value is a matter of opinion, and the best evidence thereof is the judgment of those instructed by experience. Cr. N. Y. Tel. Co. v. Prendergast (D. C.) 300 F. 825. If we accept the verdict of the jury, concurred in by the circuit judge, who had the advantage of local acquaintance, and deduct therefrom the probable value of the improvements, the result reached must be fairly accurate. Practically all of the witnesses agree that the improvements are worth more than the lot. Some of the witnesses for the city placed the value of the lot at one-half the value of the entire property, but others estimated the relative values in about the same proportion as did the witnesses for the appellants. Upon a consideration of all the facts and circumstances, we have concluded that a fair valuation of the lot, exclusive of the buildings, is $750, and that the assessment for the improvement should be based upon that valuation. City of Bardwell v. Gardner, 152 Ky. 111, 153 S. W. 9.

It is suggested by appellees that this proceeding to value the lot in advance of a sale is not proper. It is essential that the amount of the assessment be ascertained in order that the property owner may pay it, and the city is not entitled to the test of a sale for a determination of the value of property in cases of this character. The court must value the property and ascertain the correct amount of the assessment in advance of any sale. City of Paducah v. Yancey, 205 Ky. 676, 266 S. W. 351; City of Covington v. Schlosser, 141 Ky. 838, 133 S. W. 987. Cf. Ithaca Trust Co. v. United States, 49 S. Ct. 291, 73 L. Ed. —, decided April 8, 1929. Indeed, a sale is permitted only in the event the landowner fails to pay the assessment finally ascertained to be due.

It is the duty of the city to make a correct assessment, and the property holder is not liable for costs or interest until an accurate assessment has been made. Boone v. Gleason, 4 Ky. Law Rep. 1001; Conner v. Clark, 15 Ky. Law Rep. 126; Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722, 20 Ky. Law Rep. 519; Jackson v. McHargue (Ky.) 118 S. W. 944; Langan v. Bitzer, 82 S. W. 280, 26 Ky. Law Rep. 579; Com. v. Southern Pacific Co., 169 Ky. 302, 183 S. W. 925.

The amount of the assessment to be adjudged a lien against the lot of appellants for the improvement in question, is $375, with interest only from the date of

the judgment, and the costs to that time must be adjudged against the city.

The judgment is reversed, with directions to enter a judgment in accordance with this opinion.